# CHARLESTON.

CLARA L. GILBERT *v.* ADELLE POPE McCREARY.

Submitted September 21, 1920.    Decided September 28, 1920.

1. QUIETING TITLE—*Assertion of Invalid Title Held a Cloud on the Title.*

   Assertion of an invalid claim to the title to real estate, based upon a mere semblance thereof, in the form of a muniment of title, constitutes a cloud on the good and valid title under which the property is actually held, and the owner in possession of the property under the valid title may maintain a suit in equity to remove or dissipate the cloud, by such a decree as may be necessary to effect such result. (p. 59).

2. SAME—*Adjudication of Good Title in Plaintiff Precludes Right Claimed by Defendant.*

   Cancellation of the instrument under which the unfounded claim is set up is ordinarily the means by which cloud is removed from title, but is not exclusive; and the result may be effected by mere adjudication of good title in the plaintiff in such suit, which forever precludes the right so claimed by the defendant. (p. 60).

3. SAME—*Invalidity of Instrument by which Title is Claimed is No Bar to Suit.*

   Invalidity of the instrument or provision under which the claim is set up, on its face, constitutes no bar to a suit to remove cloud from title, if the true owner is in possession of the property affected by the cloud. (p. 61). ·

4. SAME—*Statutory Remedy Does Not Preclude Equitable Remedy.*

   Nor does a remedy given by statute, for relief under such circumstances, preclude right to invoke the remedy in equity. (p. 60).

5. SAME—*Claim Based on Will Insufficiently Describing Land is a Cloud on Title.*

   A claim of title set up under the invalid one of two inconsistent and contradictory descriptions of a piece of real estate, found in a will by which a piece, parcel or lot of land is divided between two devisees, constitutes a cloud upon the title of the portion of the land against which it is asserted. (p. 59).

6. DEEDS—*Wills—Where Particular Description Does Not Harmonize with Intention of Testator or Grantor, the General Description Will Prevail.*

Ordinarily, a particular description of land found in a deed or will prevails over a general description thereof found in the same instrument; but, if the general description harmonizes with the manifest intention of the parties, in the case of a deed, or of the testator, in the case of a will, as disclosed by any proper evidence, including the terms of the instrument, and the particular description does not, the ordinary rule of preference does not apply and the general description prevails.  (p. 61).

7. BOUNDARIES—*Wills—General Description by Street and Number Held to Prevail Over Metes and Bounds.*

If a will devising an unnumbered part of a city lot, on which there is a house bearing a certain number, describes it by the number of the house and name of the street on which it fronts, calling the property a "house and lot," and then describes the lot by metes and bounds so as not to include all of the ground covered by the house, the general description conforming to the manifest intent of the testator, to give the house for comfortable use and enjoyment, prevails over the particular description.  (p. 62).

8. WILLS—*Parts of Particular Description and General Description May be Used.*

In such case, parts of the particular description found to be in harmony with the testator's intention and the general description may be used in defining the limits of the subject of the devise..  (p. 65).

9. SAME—*Devise of "Dwelling House" Passes Title to Land in Connection Therewith.*

A devise of a dwelling house, by a description sufficiently definite and certain to afford means of identification thereof, passes title to all of the ground covered by the house and such additional and adjacent land of the testator as was used in connection with the house, at the date of execution of the will, and is necessary for reasonable use and enjoyment thereof, in the absence of a clear and unambiguous expression of intention to the contrary.  (p. 63).

10. JUDGMENT—*Decree in Suit to Quiet Title Held Not to Preclude Suit to Establish Title.*

A decree adverse to the plaintiff in a suit in which title to property is claimed by inheritance and under an alleged

trust does not preclude, by adjudication, right in the same person to maintain a second suit against the same defendant, for vindication of right and title to a part of the same property, vested in the former by a devise. (p. 63).

11. WILLS—*Suit to Quiet Title Held Not an Election, Preventing Suit to Establish Title Under Devise.*

Nor does the prosecution of such suit preclude right to maintain the second, on the theory of an election on the part of the plaintiff, not to take title under the will; the election if any, being deemed, in the absence of proof to the contrary, to have been made under a mistake as to the nature of the plaintiff's rights in the premises. (p. 63).

(WILLIAMS, PRESIDENT, absent).

Appeal from Circuit Court, Wood County.

Bill by Clara L. Gilbert against Adelle Pope McCreary. Demurrer to bill overruled, and from a decree for plaintiff, defendant appeals.

*Affirmed.*

*V. B. Archer,* for appellant.
*McCluer & McCluer* and *Smith D. Turner,* for appellee.

POFFENBARGER, JUDGE:

The decree under review on this appeal construes a will dividing a piece of city property between the testator's daughter and his widow, the step-mother of the daughter, as to the identity of the devises and boundary lines between them, and settles the controversy in substantial agreement with the daughter's contention.

On a demurrer to the bill, lack of equity jurisdiction was urged on several grounds which constitute the basis of argument here. If one solid ground thereof can be found, it will suffice and excuse inquiry as to the sufficiency of others relied upon. Ordinarily, there is no jurisdiction in equity to determine controversies as to the mere location of boundary lines, not dependent upon equitable considerations, and the principal question involved here is the division lines between the two pieces of property. If, however, the plaintiff's construction of the will is sound, it does not specifically define

all of the lines. If, on the other hand, the defendant's construction shall prevail, it does define them.

This situation arises out of peculiarity in the testamentary description of the devise to the plaintiff, reading as follows: "I give and bequeath to my daughter Clara L. Gilbert, the house and lot known as No. 114 Tenth Street, lot 66 feet front on Tenth Street, by 80 feet on alley parallel with Ann Street, by 36 feet parallel with Ninth Street, by 63 feet to Tenth Street at place of beginning." It is claimed the description is double, one general and the other particular, and the plaintiff relies upon the former and the defendant upon the latter.

The property is situated in the City of Parkersburg, and its history, stated briefly, is as follows: Edward McCreary owned an irregular lot at the corner of Ann and Tenth Streets, fronting 40 feet on the former, about 120 feet on the latter, and having two other sides, one of which, bordering a lot owned by W. W. Jackson, was 170 feet long and the other about 126 feet long and abutting an alley opening into Tenth Street. For a good many years, his residence, a frame house, was on the Ann Street end of the lot. After the death of his first wife and about the year 1904, he moved that house to the other end of the lot and near the alley and so located it as to make the principal entrance to it come from Tenth Street. He then built a brick dwelling house on or about the site of the old residence, and soon afterwards married again and took up his residence in the new house. The married daughter who had resided with him in the old house was left in possession thereof. He died, May 30, 1906, leaving a will by which he devised that house to her, by the description above quoted, and the residue of the lot to his wife.

The particular description of the lot does not give the devisee all of the ground on which the house stands. The lot would be insufficient in depth by about ten feet and by still more than that in width. This circumstance shown by extrinsic matter and not disclosed by the terms of the will, together with the detriment and inconvenience of access and enjoyment of the property, if the description by metes and bounds should prevail, is relied upon as proof that it is er-

roneous and does not express the real intent of the testator, as disclosed by the general description and the facts and circumstances surrounding him at the date of the execution of the will and in the light of which, it is insisted, the instrument must be read and interpreted. If this position can be maintained, the erroneous description casts a cloud upon the title of the plaintiff, or affords a basis or pretext for an invalid claim of title. If properly construed, the will devises the house and all of the ground on which it stands and 'such additional ground as is necessary to convenient and comfortable enjoyment thereof, as defined by its use at the time of the devise, and gives the residue to the widow, the particular description purporting to give less, taken in connection with the devise to the wife, and constituting the basis of invalid claims to part of the property actually devised to the daughter, impairs the value of that devise and, therefore, just as clearly constitutes a cloud on her title, as if it were a separate and distinct instrument purporting to vest title to part of the lot, but not actually doing so. Cancellation of the erroneous description may not be authorized by any rule or precedent, but removal of a cloud from title does not necessarily involve formal or express cancellation of an instrument. When there is a cloud on a title, "A court of equity will afford relief by directing the instrument to be delivered up and cancellated, or by making any other decree which justice and the rights of the parties require." 2 Story Eq. Jur., Sec. 694. An unfounded claim of title, based upon a semblance of paper title, is a cloud. *Morrison* v. *Waggy,* 43 W. Va. 406; *Holland* v. *Challeen,* 110 U. S. 15, 24; *Rigdow* v. *Shark,* 127 Ill. 411; *Scofield* v. *Lansing,* 17 Mich. 446. Cancellation is only a means, the usual one, however, of dissipating the cloud. The situation disclosed by the bill furnishes all the requisites of a bill *quia timet.* The plaintiff is in possession under good and perfect title, if her construction of the will is correct. The defendant sets up a claim to part of the property, founded upon a mere semblance of title. Under the common law, the plaintiff has no legal remedy, because she is in possession and cannot, under that law, sue in ejectment. From this, jurisdiction in equity to quiet the title results. Such legal

remedy as may be afforded by any statute is cumulative and does not abrogate the jurisdiction in equity. *Whitehouse* v. *Jones,* 60 W. Va. 680. Invalidity of the claim on its face does not bar the remedy in equity to remove cloud. *Whitehouse* v. *Jones,* 60 W. Va. 680; *De Camp* v. *Carnahan,* 26 W. Va. 839; *Waldron* v. *Harvey,* 54 W. Va. 608; *Yancey* v. *Hopkins,* 1 Munf. 419; *Va. Coal & I Co.* v. *Kelley,* 93 Va. 332; *Carroll* v. *Brown,* 28 Gratt. 791. The law is otherwise in most jurisdictions, but, in this state, the question, whether an owner of land in possession under good title may maintain a suit in equity to cancel an instrument absolutely void on its face, under which a claim is made, constituting a cloud on his title, is not an open question; and we think it has been rightly settled here on the bases of practical necessity, reason and ancient principle and precedents. And if, for any reason, the documentary basis of the untenable claim ought not to be cancelled, any other decree necessary for vindication of the owner's title can be pronounced.

On the demurrer, the allegations of the bill are taken as true, and they disclose a state of facts, which, taken in connection with the description, makes it manifest that the testator cannot be supposed to have intended to limit the devise of land to the boundaries specifically set forth in the will. He had occupied the house himself, using a certain area of ground around it, well and clearly defined by such use, and he left his daughter in possession of it as he had used it. That use extended back to the northern side of a grape arbor running to the alley and along Tenth Street to a cement walk between the houses and used in connection with both. As particularly bounded, the lot would not reach the grape arbor by about ten feet, nor the cement walk and the south and west lines would cut off portions of the house. In view of this, it is suggested in the brief filed for the appellee, that, under the particular description taken in connection with the subject matter of the devise, the devisee may be entitled to all of the ground on which the house stands. But that would manifestly limit her to less than is necessary to convenient and comfortable enjoyment and use of the property. Besides, the concession virtually amounts to an admission of error in the particular description. It is almost as unreason-

able to suppose the testator intended restrictive embarrassment in the use of the house, as to suppose he intended to withhold part of the ground on which it stands. Both are obviously inconsistent with the intention as disclosed by the testator's purpose, his situation and all of the surrounding facts and circumstances. Though, ordinarily, a particular description prevails over a general one, in case of inconsistency between them, it does not do so, if the general description harmonizes with manifest intention and effectuates clear purpose, and the other does not. *Mylius* v. *Raine-Andrew Lumber Co.,* 69 W. Va. 347; *State* v. *Herold,* 76 W. Va. 537; *Adams* v. *Alkire,* 20 W. Va. 480.

The general description is neither legally impossible nor insufficient. Although the lot is not numbered and the number of the house is not a lot number, it clearly suffices for designation of the subject of the devise. The house is part of the property devised and its designation in the will as "No. 114 Tenth Street" constitutes an index or means by which it can be found and identified. A gift thereof, by such designation, carries with it whatever reasonably and necessarily belongs to it as a place of residence, including the ground on which it stands and such additional ground as has been defined as belonging to it, by use thereof in connection with it. There are some decisions literally importing that the grant of a house, mill, barn or other structure carries only so much of the soil as it actually covers. *Crawfordsville* v. *Boots,* 76 Ind. 32; *Endsley* v. *State,* 76 Ind. 467; *Allen* v. *Scott,* 21 Pick. (Mass.) 25; *Bacon* v. *Bowdoin,* 22 Pick. (Mass.) 401; *Johnson* v. *Rayner,* 6 Gray. (Mass.) 111. It is here suggested that these cases may stop short of full definition of the grants, because it was unnecessary to determine their extent. It met the requirements of the cases, to say the grants carried land. The English cases construing wills leave no doubt that a devise of a house carries all the land necessary to full use and enjoyment thereof. The contrary has never been so much as suggested. More than was really necessary or required for convenience has been held to have passed by such a devise. A devise of a house and garden carried stables, a yard and a coal-pen on

the opposite side of the road from the house. *Clements* v. *Collins,* 2 T. R. 498. A devise of a life estate in a house carried certain lands used to produce hay and corn used on the premises. *Blackborn* v. *Edgley,* 1 P. W. 600. The word "house" in an eminent domain act was held not to include a six-acre field, lying across the road from a house and a considerable distance from it, though used in connection with the house for purposes not indispensable. In that case, however, Turner, L. J. said: "Now, I take the law on the point to be that by the description of a "house," what is necessary for the convenient occupation of the house will pass." *Steele* v. *Midland R. Co.,* L. R. 1 Ch. App. Cas. 275.

Our conclusion that the general description was intended to be complete and to include a lot as well as a house is strongly supported by its terms,—"the house and lot known as No. 114 Tenth Street." There was to be a lot as well as a house, evidently the lot on which the house stands, and that lot must be the land used for the purposes of the house, for there had been no severance of the entire lot. In the absence of a severance made by the will, it could be determined by nothing other than the use made of the two parts. The particular description did not sever it agreeably to the intention of the testator, wherefore that description is a mere erroneous attempt to define the daughter's part, as already set apart to her by the general description. According to the allegations of the bill, the division of the entire lot by use and occupation was well marked.

A decree against the plaintiff in a suit brought by her to obtain title to both houses and the entire lot, on the theory of inheritance of title from her mother and upon allegations that the property had belonged to her mother, by reason of purchase thereof with her mother's money, was set up by a special plea in bar of this suit. That decree plainly does not bar it by way of former adjudication, for the causes of action in the two suits are entirely different, notwithstanding identity of the parties and of part of the property. They stand upon two wholly different claims of title.

Nor does it bar this suit as proof of an election not to take

under the will. The plaintiff did not have two rights between which to elect. Under a misapprehension of right and· upon. an untenable claim, she brought a suit which availed her nothing. That fruitless effort is not indicative of intention to give· up or relinquish any right vested by the will. To make the conduct of the plaintiff in that suit bar her right under the will, it must appear that the suit was brought with intention to elect. 2 Pom. Eq. Jur., Sec. 515. An election made by a party, under a mistake as to the nature of his right, is regarded as a mistake of fact and does not bind him. *Tolley* v. *Poteet,* 66 W. Va. 231; *Waggoner* v. *Waggoner,* (Va.) 68· S. E. 990; *Spread* v. *Morgan,* 11 H. L. Cas. 588, 562.

For the most part, the allegations of fact stressed in what has been said respecting the sufficiency of the bill, are sustained by the evidence. The lines mentioned in the particular description would cut off part of the building as well as considerable areas of ground south and west of it, that were undoubtedly used in connection therewith. It was used back as far as the old grape arbor, but not beyond it. Differences in the fence along the alley indicate a division. From the· Jackson line to about the old arbor, there is a high board fence, and then a low board fence for sixteen feet, at the end of which there is a gate. From the gate to the corner of the· alley and Tenth Street, there is a wire fence. Mrs. McCreary built the high board fence out of new materials and may have· used old materials in the low board fence, but the plaintiff's use of the lot went to the end of the high board fence, and what she used was necessary. The cement walk from Tenth Street between the houses seems not to be on. the location of the old brick walk leading to the rear of the old house before it was moved. Mrs. McCreary built the cement walk on her side· of the old walk. Likely the beginning point of the particular description is at or near the end of the location of the old walk. The court in its decree adopted the first call of the particular description, "66 feet front on Tenth Street." The· plaintiff's depth of lot along the alley, as fixed by the decree, is about 90 feet instead of 80. This gives her the lot back to· about the location of the old arbor and the end of the high fence.

From that point, the decree line runs parallel with Ninth Street, agreeably to a call of the particular description, a distance of 52 feet, and does not quite reach the cement walk. From that point it runs to the place of beginning on Tenth Street, 66 feet from the alley corner. The plaintiff is thus allowed a strip west of the house so narrow that it was in all probability used in connection therewith at the date of execution of the will. Manifestly, no more ground is awarded to her than is necessary to comfortable use and enjoyment of the house.

No objection to the use of some of the calls in the particular description is perceived. Those adopted by the court are consistent with the obvious intention of the testator, while those rejected are not. Those adopted harmonize with the general description. They give land necessary and actually used. The others do not.

Seeing no error in the decree, we will affirm it.

*Affirmed.*