[Civ. No. 4816. Third Appellate District.—December 21, 1932.]

In the Matter of the Estate of SARAH MERRILL WOLF, Deceased. E. J. BRICKELL, as Executor, etc., Appellant; MAY WOLF TURLEY, Respondent.

Irving D. Gibson for Appellant.

Elliott, Atkinson & Sitton for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a decree of partial distribution of a double house and lot in Sacramento which was made to the respondent pursuant to the terms of an holographic will. It is contended the devise is void on account of a defective description of the property. It is also asserted the court erred in receiving oral evidence identifying the premises since ambiguity does not appear in the language of the will.

Sarah Merrill Wolf died April 10, 1928, leaving surviving her a husband and one daughter. All the property which she owned was located in Sacramento and consists of the

house and lot involved in this proceeding, $2,600 in cash and a cemetery lot. She resided at number 717 Tenth Street in Sacramento at the time she executed her will and until her death. A few days prior to her death she executed the following holographic will:

"Sacramento May 31th 1921

"My last will I revoke all other wills I give to my husband Henry Clinton Wolf All money in Sacramento California and peoples bank and house and lot 717–and 719–tenth street until death and if any left to go to my daughter May E Wolf-Turley and to May E. Wolf Turley my daughter all my clothes and jewelry and hand painted dishes and one hundred dollars in money and all my silver

"I appoint Henry Clinton Wolf my husband administrator without bonds and want him to have it as soon as I may die

"SARAH MERRILL WOLF."

Upon probate proceedings duly instituted, Henry Clinton Wolf was appointed executor of his wife's estate. Before the probating of the estate was completed Mr. Wolf died. His death occurred November 29, 1929. After his death, his daughter May E. Wolf Turley was appointed administratrix with the will annexed of the estate of her mother. Mr. Wolf left a will. In due time this appellant, E. J. Brickell, was appointed executor of the estate of Henry C. Wolf.

May E. Wolf Turley filed in the estate of her mother, Sarah Merrill Wolf, a petition for partial distribution to her of the double house and lot at 717 and 719 Tenth Street in Sacramento, California, pursuant to the terms of the holographic will. E. J. Brickell, as executor of the will of Henry Clinton Wolf, deceased, filed an opposition to this petition on the ground that the provision of the will of Sarah Merrill Wolf with respect to the devise of the house and lot is void for lack of description thereof, and that Mrs. Wolf therefore died intestate as to any real property which she may have possessed at the time of her death. At the hearing of the petition for partial distribution, over the objections of the contestant, evidence was received to identify and particularly describe the premises upon which the double house at 717 and 719 Tenth Street in Sacra-

mento is situated. It was also shown that she resided in that dwelling-house from the time of the execution of her will to the date of her death, and that she then owned no other real property. Over objection, a deed of conveyance of this same property, which was executed to Sarah M. Wolf October 23, 1902, was received in evidence. The probate court adopted findings to the effect that the testatrix intended to and did devise by the express terms of her holographic will to her daughter, May E. Wolf Turley, subject to a life estate conveyed therein to her husband, Henry Clinton Wolf, her dwelling-house and lot at 717 and 719 Tenth Street, in the city of Sacramento, California; that this is the same property particularly described in the deed as the "West ten feet (W 10') of North quarter (N¼) of Lot seven (7) and north quarter (N¼) of Lot Eight (8) in the Block bounded by G and H and 10th and 11th Streets of said City of Sacramento, County of Sacramento, State of California."

A decree of partial distribution was entered in accordance therewith. From this decree E. J. Brickell, as executor of the will of Henry Clinton Wolf, deceased, has appealed.

The ground for reversal of the decree is expressed by the appellant in the following language: "The principal and practically the sole question involved here is whether the will of Sarah Merrill Wolf above set forth, contains a devise to the distributee, May Wolf Turley, of the real property described in the decree of distribution appealed from."

We are satisfied the real property which is involved in this appeal is described in the will of Sarah Merrill Wolf with sufficient accuracy to identify and locate the house and lot which the testatrix evidently intended to devise to her daughter. The will was wholly written, dated and signed in the handwriting of the testatrix without the aid of an attorney. It lacks punctuation. In drawing the will she did not have the assistance of one who is skilled in the use of legal terms.

A reasonable construction of the language of the will persuades us that the lot in question is sufficiently identified as located "in Sacramento, California", and consists of the "house and lot (numbered) 717– and 719–tenth street".

By the use of the language "I give . . . All money in
Sacramento California and peoples bank and house and lot
717– and 719–tenth street", we think the testatrix meant,
"I give . . . All money in Sacramento California and
(all money in the) peoples bank (in Sacramento, Cali-
fornia) and (my) house and lot (in Sacramento, Califor-
nia, situated at numbers) 717– and 719–tenth street".
It is evident the testatrix lacked skill in grammatical con-
struction. She used no punctuation. It seems evident that
she was identifying all of her property, both real and per-
sonal, as located in Sacramento, California. This is in
accordance with the fact. This construction does not add
to the description or designation of the location of the
property contained in the will. It merely interprets the
intention of the testatrix from the rather inartistic lan-
guage of the will.

It is true that in construing the terms of a will the
intention of a testator must ordinarily be ascertained from
the express language of the instrument, in the light of the
circumstances surrounding its execution. (*Estate of Ses-
sions,* 171 Cal. 346 [153 Pac. 231] ; 26 Cal. Jur. 883, sec.
199.) Nevertheless it is a cardinal rule of construction
of wills that the language employed must be liberally inter-
preted to carry into effect the evident intention of the
testator as it is expressed in the instrument considered as a
whole. (*Estate of Hoytema,* 180 Cal. 430 [181 Pac. 645] ;
9 Cal. Jur. 289, sec. 155.) The construction of the will
which is insisted upon by the appellant in this proceeding
would leave Mrs. Wolf intestate as to the most valuable por-
tion of her estate, the home. The construction of the
terms of a will is favored which will avoid partial or total
intestacy. (*Le Breton* v. *Cook,* 107 Cal. 410 [40 Pac. 552] ;
26 Cal. Jur. 899, sec. 215.)

In construing an instrument to determine whether
the description of real property is sufficiently accurate to
effect a conveyance thereof the same rules ordinarily apply
to both wills and deeds. A description of real property is
generally sufficient which enables the identity of the prem-
ises to be established, or which furnishes the means of desig-
nating the property sought to be conveyed. (18 C. J. 180,
sec. 62; 2 Devlin on Deeds, 2d ed., 1414, sec. 1016; *Leonard*

v. *Osburn*, 169 Cal. 157 [146 Pac. 530, 531]; 40 Cyc. 1531; *Holley's Exr.* v. *Curry*, 58 W. Va. 70 [51 S. E. 135, 112 Am. St. Rep. 944, and note.) In 18 C. J. 180, *supra*, it is said: "Any description is sufficient by which the identity of the premises can be established, or which furnishes the means of identification."

In the case of *Leonard* v. *Osburn*, *supra*, it is said: "Generally speaking, a deed will be sustained if it is possible from the whole description to ascertain and identify the land intended to be conveyed."

▪ A devise of a house and lot by will which designates the property by reference to established house numbers, and naming the street and city where the property is located, is generally a sufficient description to identify the premises. (40 Cyc. 1531; 2 Tiffany on Real Property, 2d ed., 1668, sec. 447; *Gilbert* v. *McCreary*, 87 W. Va. 56 [104 S. E. 273, 12 A. L. R. 1172, and note]; *Webb* v. *Carney*, (N. J. Ch.) 32 Atl. 705.) Under such a designation the devise of a house carries with it the lot upon which it is located. This is not an uncommon way of identifying city property. There is usually no difficulty in locating the property from such a description. In the case of *Gilbert* v. *McCreary*, *supra*, the property devised was situated in Parkersburg, West Virginia. The challenged provision of the will read as follows: "I give and bequeath to my daughter Clara L. Gilbert the house and lot known as No. 114 Tenth street, lot 66 feet front on Tenth street, by 80 feet on alley parallel with Ann street, by 36 feet parallel with Ninth street, by 63 feet to Tenth street at place of beginning." Although the description of the lot by reference to specified dimensions was erroneous, the court held:

"The general description is neither legally impossible nor insufficient. Although the lot is not numbered, and the number of the house is not a lot number, it clearly suffices for designation of the subject of the devise. The house is part of the property devised, and its designation in the will as 'No. 114 Tenth street' constitutes an index or means by which it can be found and identified."

▪ Extrinsic evidence was competent in the present proceeding to show any circumstances surrounding the execution of the will which throws light upon the intention

of the testatrix with respect to the devise of her real property. This property is specifically identified in the will by reference to established house numbers and ·the name of a street in Sacramento, California. It was competent to show by extrinsic evidence that the street and house numbers which were mentioned in the will are the identical ones which apply to the same property which the testatrix actually owned at the time of the execution of the will. The deed was offered for this purpose. It was also competent to show that this was the only real property which she then owned. This was shown by the inventory. These circumstances did not vary the terms of the will. The facts which were shown by extrinsic evidence are not inconsistent with the intention of the testatrix as expressed in the will. No new or different description from that which is mentioned in the will was supplied. The evidence merely supplements the language of the will to furnish a more particular description of the property and to verify the intention of the testator with respect to the devise of the dwelling-house to her daughter. With reference to the competency of extrinsic evidence under such circumstances as are here presented, the Supreme Court says, in the case of *Marriner* v. *Dennison,* 78 Cal. 202 [20 Pac. 386, 389] :

"The rule is, that where the description, so far as it goes, is consistent but does not appear to be complete, it may be completed by extrinsic parol evidence, provided a new description is not introduced."

Section 1318 of the Civil Code, as it then existed, applies to the construction of the will in question. It then read:

"In case of uncertainty arising upon the face of a will, *as to the application of any of its provisions,* the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations."

In 28 Ruling Case Law, 270, section 244, it is said:

"In ascertaining the testator's intent the words of the will are to be read in the light of the circumstances under which it was written, and the court may put itself in the place of the testator for the purpose of determining the objects of his testator's bounty or the subject of disposition. It is proper to take into consideration all the circumstances

under which the will was executed, including the condition, nature and extent of the testator's property, and his relations to his family and to the beneficiaries named in the will." (*Estate of Donnellan,* 164 Cal. 14 [127 Pac. 166]; *Chappell* v. *Missionary Society, etc.,* (Ind.) 50 Am. St. Rep. 276, note; Page on Wills, 974, secs. 818, 819.)

We are satisfied that the circumstances which are shown by means of the extrinsic evidence in the present case do not vary the terms of the will. These facts merely aid in ascertaining the intention of the testatrix with relation to the disposal of her real property. There was therefore no error in admitting the evidence.

The decree of partial distribution is affirmed.

Plummer, J., and Pullen, P. J., concurred.