[Civ. No. 5065. Fourth Dist. June 16, 1955.]

Estate of DELLA WAGNER HALSELL, Deceased. CLARA W. WILSON et al., Appellants, v. RAYMOND LOUIS BRANNAN, as Executor, etc., et al., Respondents.

Blodget & Blodget for Appellants.

Forgy, Reinhaus, Miller & Kogler, Latham & Watkins and A. R. Kimbrough for Respondents.

MUSSELL, J.—Della Wagner Halsell died in Orange County on or about September 15, 1952. Her will was admitted to probate and on November 3, 1952, O. L. Halsell, husband of the deceased, was appointed administrator with the will annexed. On April 23, 1953, an inventory and appraisement was filed by Halsell. On August 13, 1953, appellant Clara W. Wilson, sister of the decedent and devisee under the will, filed a petition to require the administrator to disclose in the estate the nature and extent of the community property and include the same in his inventory. The administrator in his reply to this petition alleged in effect, among other things, that the decedent's will did not dispose of her interest in the community property and denied that she had any such interest. The court, in a pretrial order, ordered a trial on the issue as to "Whether or not the terms of the will comprehend the community property of the decedent, if any." Trial was had on this issue and the petition was denied. Petitioner Clara W. Wilson and Andrew W. Wilson, the contingent beneficiary under the will who joined in the petition, appeal from the judgment and order denying the petition.

The pertinent provisions of the will are as follows:

"LAST WILL AND TESTAMENT OF
DELLA WAGNER HALSELL

"I, DELLA WAGNER HALSELL, a resident of the City of Santa Ana, Orange County, State of California, declare this to be my last will and revoke all former wills:

"I I direct my executor to pay *must* just debts, last illness and burial expenses.

"II I do hereby declare that I am a married woman and that my husband is Oliveer Halsell, residing in the City of Santa Ana, County of Orange, State of California.

"III It is my intention hereby to dispose of all of my separate property, real and personal, whatsoever and wheresoever situated, which I am entitled to dispose of by will.

"IV I give, devise and bequeath all of my estate, both real and personal, whatsoever and wheresoever situated, to my sister Clara Wagner Wilson.

"In the event that my sister Clara Wagner Wilson shall have predeceased the distribution of my estate then I give,

devise and bequeath all of my estate, both real and personal whatsoever and wheresoever situated to my nephew Andrew Wilkins Wilson, who resides in the City of Newport Beach, County of Orange, State of California, and in the event that Andrew Wilkins Wilson shall have predeceased distribution of my estate and shall have died with issue then I give, bequeath and devise all of my estate, both real and personal, whatsoever and wheresoever situated, to the issue of my nephew Andrew Wilkins Wilson.''

The trial court found that:

''9. In interpreting the will, an uncertainty and ambiguity arose in respect to the nature and amount of the real and personal property upon which the will operates, and in respect to the meaning of the word 'estate' in paragraph IV of said will in view of the circumstances under which the will was executed.''

Evidence was admitted over objection of counsel for appellants as to the circumstances under which the will was executed and in that connection the court found as follows:

''10. Three days prior to the execution of said will, decedent had her attorney prepare a draft of said will which was substantially the same as the executed will with the exception that in said draft, paragraph III read as follows: 'It is my intention hereby to dispose of all of my property, real and personal, whatsoever and wheresoever situated, which I am entitled to dispose of by will.' Decedent's attorney gave said draft of the will to decedent to take home with her for study, which she did.

''11. Decedent's attorney, three days prior to the date of the execution of the final draft of said will, explained to decedent the effect such a will as set forth in said first draft of the will would have upon any separate property and any community property which she owned at her death. At that time, or shortly thereafter and prior to the execution of said will, decedent's attorney wrote upon his copy of said draft of said will the words: 'if community property, undiv. one-half int.; if by will, bad set-up.'

''12. On the same day that decedent executed her will and prior to such execution, she returned to the office of her attorney and instructed him to change the draft to said will which had been prepared to add the word 'separate' to paragraph III of said will so that it would no longer read, 'It is my intention hereby to dispose of all of my property', but instead would read, 'It is my intention to dispose of all my separate property'. Said attorney made said change, and several minor other

changes, in said draft and then had typed the final draft of said will, which decedent then executed."

The court further found as follows:

"13. As interpreted by the court, paragraph III means that decedent intended by her will to dispose of only her separate property and not any community property in which she may have owned an interest at the date of her death.

"14. As interpreted by the court, paragraph IV disposes of only decedent's separate property and not any community property in which she may have had any interest at the date of her death; and the word 'estate' in said paragraph IV means decedent's 'estate' of her separate property.

"15. Decedent intended to and did dispose by her will of only her separate property. Decedent did not intend to and did not dispose by her will of any community property in which she may have owned an interest at her death."

The court concluded in part as follows:

"1. Paragraph III of decedent's will makes it sufficiently clear that decedent intended only to dispose of her separate property and not any community property, and the court so construes the will without consideration of any evidence of the circumstances surrounding execution of said will or of any declarations of decedent.

"2. Any ambiguity in the will of Della W. Halsell is a latent ambiguity in respect to the nature and amount of property, and the nature of the 'estate' disposed of by decedent through said will.

"3. Properly construed by giving effect to all parts of the will and by other applicable rules of construction, and in the light of the circumstances surrounding execution of said will and the testimony as to the oral declarations of decedent, the words 'all of my estate' found in paragraph IV of said will mean and refer only to decedent's separate property, and said will disposes of only the separate property of decedent and does not dispose of community property, if any, in which decedent may have owned an interest at the time of her death.

"4. Construing the wording of said will in the light of the circumstances surrounding its execution and the testimoney as to oral declarations of decedent, decedent intended by said will to devise and bequeath to the beneficiaries specifically named therein only her separate real and personal property and nothing else."

We conclude that the trial court correctly found and concluded that the will made no disposition of any community property the decedent may have had.

In *Estate of Lawrence,* 17 Cal.2d 1, 6 [108 P.2d 893], it was held:

"In the construction of wills the paramount rule, to which all others must yield, is that a will is to be construed according to the intention of the testator, as expressed therein, and this intention must be given effect as far as possible. (*Estate of Wilson,* 184 Cal. 63, 66, 67 [193 P. 581]; *Estate of Newman,* 68 Cal.App. 420, 423 [229 P. 898]; *Estate of McCurdy,* 197 Cal. 276, 282 [240 P. 498]; *Estate of Phelps,* 182 Cal. 752, 756, [190 P. 17]; *Estate of Ritzman,* 186 Cal. 567, 568, 569 [199 P. 783].)"

"Of course, as stated in the case of *Estate of Wilson, supra,* at page 68: 'Of this class of questions it may be said, with more truth, perhaps, than of any other, that each case depends upon its own peculiar facts, and that precedents have comparatively small value. Except for the establishment of general principles, very little aid can be procured from adjudged cases in the construction of wills.' "

In the instant case the testatrix clearly expressed and stated her intention to dispose of all her *separate* property. No mention is made of her community interest, if any.

In *Estate of Resler,* 43 Cal.2d 726, 732 [278 P.2d 1], it was held:

"The sole objective in the interpretation of a will is to ascertain the intention of the testator as disclosed by the language he has used. (*Estate of Brunet,* 34 Cal.2d 105, 107 [207 P.2d 567, 11 A.L.R.2d 1382]; *Estate of Lawrence,* 17 Cal.2d 1, 6 [108 P.2d 893]; Prob. Code, § 105.)"

It was further held therein (pp. 734, 735) as follows:

"The general rule is that when 'an uncertainty arises upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, excluding' the oral declarations of the testator as to his intentions. (Prob. Code, § 105.) An exception to the exclusion of oral declarations of the testator is his instructions to a scrivener when offered to resolve an ambiguity in a will concerning the amount of a bequest. (*Estate of Dominici,* 151 Cal. 181, 186 [90 P. 448]; *Estate of Donnellan,* 164 Cal. 14, 17 [127 P. 166].)"

It appears to us in the light of this decision that the evidence admitted by the trial court herein as to the circumstances surrounding the execution of the will and declarations of the testatrix to the scrivener who drew it was properly

admitted to show the amount of the bequest to appellants and definitely shows that the testatrix intended to dispose of her *separate* property only. The record shows that the testatrix, after she had studied the draft of the will prepared and delivered to her by her attorney, and which disposed of all of her property, instructed her attorney to change her will so as to dispose of her *separate* property and stated in substance as follows: ''I have decided not to dispose of all my property, but just my separate property.'' Furthermore, the trial court concluded that paragraph III of the will '' . . . [m]akes it sufficiently clear that decedent intended only to dispose of her separate property and not any community property, and the court so construes the will without consideration of any evidence of the circumstances surrounding execution of said will or of any declarations of decedent.'' The construction placed on the terms of the will, under the circumstances shown, is not unreasonable, and, as was said in *Estate of Northcutt,* 16 Cal.2d 683, 690, 691 [107 P.2d 607]:

''Furthermore, the construction placed by the probate court on the terms of the will is not unreasonable. And the rule is well settled that where the construction given to an instrument by a trial court is reasonable and appears to be consistent with the intent of the party making it, courts of appellate jurisdiction will not substitute another interpretation, even though it may seem equally tenable with that accorded by the trial court. (*Estate of Maloney,* 27 Cal.App.2d 332, 334 [80 P.2d 998]; *Estate of Mallon,* 34 Cal.App.2d 147 [93 P.2d 245]; *Estate of Boyd,* 24 Cal.App.2d 287 [74 P.2d 1049]; *Estate of Wilson,* 40 Cal.App.2d 229 [104 P.2d 716]; *Estate of Bourn,* 25 Cal.App.2d 590 [78 P.2d 193].)''

Appellant argues that this case is governed by the rules laid down in *Estate of Granniss,* 142 Cal. 1 [75 P. 324]. In that case the testator, in the first paragraph of his will, gave his wife the sum of $20,000 and certain personal property. In the second paragraph he gave his daughter all the rest, residue and remainder of his estate, and in the fourth paragraph he declared ''That all my estate herein devised is my separate property, and was the community property of my first wife and myself.'' The court held that what was said by the testator in paragraph four of the will could not control or in any way affect the plain and explicit declaration contained in the second paragraph wherein he declared that all of the rest, residue and remainder of his estate, both real and personal and wherever situated went to his daughter.

It is apparent that paragraph four of this will was a declaration that the property devised was of a certain kind and the court held that the declaration could not affect the devise to the daughter.

Paragraph three of the will here involved is not a description of property but is a clear statement of intention. It is a well recognized rule that different parts of a will must be harmonized if possible, giving expression to all of the terms therein and forming from them one consistent whole. (*Estate of Salmonski*, 38 Cal.2d 199, 209 [238 P.2d 966].) Under this rule we cannot disregard the clear statement of decedent's intention as contained in paragraph three of her will.

Appellant contends that the court erred in making findings which were inconsistent with each other. However, where a record discloses that there is substantial evidence to support the judgment, the findings on an inconsistent theory may be disregarded as surplusage. (*Baird* v. *Ocequeda*, 8 Cal.2d 700, 703 [67 P.2d 1055].)

 It is also argued that the court erred in interpreting the will so as to create partial intestacy. However, the community property omitted from the will of the decedent would pass to her husband without administration. And as was said in *Estate of Beldon*, 11 Cal.2d 108, 112, 113 [77 P.2d 1052] :

"To say that because a will does not dispose of all of the testator's property it is ambiguous and must be construed so as to prevent intestacy, either total or partial, is to use a rule of construction as the reason for construction. But a will is never open to construction merely because it does not dispose of all of the testator's property. 'Courts are not permitted in order to avoid a conclusion of intestacy to adopt a construction based on conjecture as to what the testator may have intended although not expressed.' (*Estate of Hoytema*, 180 Cal. 430 [181 P. 645].) Only where there is an ambiguity may the rule which directs a court to prefer that mode of interpretation which prevents intestacy, be applied. (§ 102, Prob. Code.) A court may not, under the guise of construction, make a will for a testator to take the place of the one made by him if its intent is plain. And this is so regardless of the consequences of the testator's will."

The judgment and order are affirmed.

Barnard, P. J., and Griffin, J., concurred.