[Civ. No. 6239. Fourth Dist. Nov. 30, 1960.]

Estate of ANNA M. SANDERSFELD, Deceased. WILLIAM SANDERSFELD et al., Respondents, v. ROBERT DOCHERTY et al., Appellants.

Samuel Hurwitz for Appellants.

Stephen F. Gallagher for Respondents.

COUGHLIN, J.—This is an appeal from a decree determining certain devised interests in an estate. The last will and testament of Anna Docherty, whose surname by a former marriage was Sandersfeld, devised and bequeathed to her husband a life estate in her "home, situated at 8942 Crescent Ave., Anaheim, California," together with "all furniture and furnishings situated in said home" and also a life estate in the income from a contract of sale; devised and bequeathed

to her daughter Florence McIntyre the remainderman's interest in her "home," furniture and furnishings, a one-third remainderman's interest in the contract of sale, and $3,000 in cash; devised and bequeathed to her daughter Nora Walker Turner a one-third remainderman's interest in the contract of sale, $3,000 in cash and "certain real property commonly known as 308 - 33rd. Street, in the City of Newport Beach"; bequeathed to her son William Sandersfeld the remaining one-third remainderman's interest in the contract of sale; and devised and bequeathed the residue and remainder of her estate to the aforesaid daughters and son in equal shares.

The son, William Sandersfeld, filed a petition asking the probate court to determine the meaning of the word "home" as used by the testatrix in her will. Later, his sister, Nora Walker Turner, joined him in this request. This petition referred to that part of the will in question which bequeathed the "home" of the testatrix "at 8942 Crescent Ave., Anaheim, California" to her husband, for life, with remainder over to her daughter, Florence McIntyre; alleged that the testatrix owned a parcel of land, approximating 4½ acres, a small part of which was occupied by her "home" which was designated 8942 Crescent Avenue; and stated that an uncertainty existed as to the meaning of the word "home" as used in said will, i.e., as to whether it referred to the house in which the testatrix resided together with a reasonable amount of land surrounding the same and used in connection therewith, or whether it referred to the whole 4½ acres. The petition also contained a description of the property by reference to a government survey.

At the hearing upon this petition, over the objection of the husband, Robert Docherty, and the daughter, Florence McIntyre, the court admitted extrinsic evidence upon the issue respecting the meaning of the word "home" as used by the testatrix in her will.

In due course a decree was entered in which the court determined that the devise by the testatrix "of 'my home, situated at 8942 Crescent Ave., Anaheim, California'. . . , referred only to the house in which the deceased lived at the time of her death, together with a parcel of reasonable proportions surrounding said home, which the Court finds to be 75 feet East and West and 100 feet North and South . . . and did not mean the entire four and one half acre parcel of land then owned by the deceased," and specifically described the parcels in question. From this decree Robert Docherty and Florence Mc-

Intyre take this appeal, contending: (1) that the term "my home" as used in the will in question was definite and certain; did not need interpretation; and included the whole tract of land forming a part of that upon which the house used as a home was situated; (2) that the trial court erred in admitting extrinsic evidence to prove an uncertainty in the terms of the will, or the intended meaning of those terms; (3) that the evidence in this case establishes a gift by implication; and (4) that the trial court further erred in failing to make findings of fact with respect to the issues presented herein.

When the provisions of a will are the subject of a patent ambiguity, i.e., one appearing upon its face, or a latent ambiguity, i.e., one appearing by virtue of other circumstances, extrinsic evidence may be considered to remove the same. (Prob. Code, § 105.) The existence of a latent ambiguity obviously is disclosed by extrinsic evidence. · The admissibility of such evidence for such purpose is recognized in the provisions of section 105 of the Probate Code that,

"When there is an imperfect description, or no person or property exactly answers the description, mistakes and omissions must be corrected, if the error appears from the context of the will *or from extrinsic evidence*, . . ." (Emphasis added.)

In the case at bar, the use of the terms "my home, situated at 8942 Crescent Ave., Anaheim, California" causes an uncertainty on the face of the will. It constitutes a legally sufficient but imperfect description of the property devised. (*Estate of Wolf,* 128 Cal.App. 305, 310 [17 P.2d 1052].) Of necessity evidence of the physical qualities of that property must be received in order to adequately describe the devise in a decree of distribution. It is proper to admit evidence which supplements the language of a will in order to furnish a more particular description of the property involved. (*Estate of Wolf, supra,* 128 Cal.App. 305, 311.) A person's home, ordinarily, is the place where he resides. This could be an apartment, a house, or other type of dwelling. When directed to a house, the term undoubtedly includes not only the structure and the land upon which it is situated, but also any yards and grounds and any garage or outbuildings which make up a residence. (*Jones* v. *Holloway,* 183 Md. 40 [36 A.2d 551, 152 A.L.R. 933]; *In re Nelson's Will,* 140 N.Y.S.2d 619; *In re Niesen's Estate,* 46 Ohio Ops. 164 [103 N.E.2d 24].) The nature and extent of these factors, of necessity, must be established by extrinsic evidence when they are included in the generic term "my home." The inquiry in the instant

case developed that the house in which the testatrix lived was located at a place known as 8942 Crescent Avenue, Anaheim, California; that it was the only house on a 4½-acre tract of land owned by the testatrix; that it consisted of a dwelling and a garage with yards in the front and back; that the front yard extended from the house to the street and the back yard was enclosed with a fence; that a cistern, which was used to supply water for household purposes, was located nearby; that a septic tank also was located nearby; that the 4½-acre tract of land fronted on two streets, i.e., Crescent Avenue and Magnolia Avenue, with a frontage on Crescent Avenue of 660 feet and on Magnolia Avenue of 221 feet; that at one time all of this property, with the exception of that portion occupied by the house and the adjoining yards, had been planted to avocado and orange trees, but at the time testatrix executed her will, the care of these trees had been abandoned. The foregoing information revealed an uncertainty not apparent on the face of the will, i.e., whether, in devising her ''home'' the testatrix referred only to her house and the real estate immediately adjoining the same, or referred to her house and all of her property in the tract of land surrounding it, which fronts on Magnolia Avenue as well as Crescent Avenue, and which was occupied by an abandoned avocado and orange grove.

The question thus presented is one of fact (*Estate of Donnellan,* 164 Cal. 14, 20 [127 P. 166]), although the intention of the testatrix with respect to the distribution of the ambiguously described property is one of law. The appellants, in their briefs, fail to note this distinction, and urge the court to apply to the instant case a legal definition of the term ''home'' which would include the whole of any tract of land upon which a testator's dwelling is situated. They have cited a number of cases holding that the term ''home,'' under the circumstances there related, included a large plot of ground upon which a dwelling house was located. In most of them the determination was based on a finding of fact. With respect to the class of questions presented for determination in the case at bar '' 'it may be said, with more truth, perhaps, than of any other, that each case depends upon its own peculiar facts, and that precedents have comparatively small value. Except for the establishment of general principles, very little aid can be procured from adjudged cases in the construction of wills.' '' (*Estate of Wilson,* 184 Cal. 63, 68 [193 P. 581]; *Estate of Lawrence,* 17 Cal.2d 1, 6 [108 P.2d 893]; *Estate of*

*Keller,* 134 Cal.App.2d 232, 239 [286 P.2d 889]; *Estate of Halsell,* 133 Cal.App.2d 665, 669 [284 P.2d 821].)

The interpretation of a will, when permitted, is limited to an ascertainment of the intention of the maker as disclosed by the language used therein. (*Estate of Resler,* 43 Cal.2d 726, 732 [278 P.2d 1]; *Estate of Lawrence, supra,* 17 Cal.2d 1, 6; *Estate of Wilson, supra,* 184 Cal. 63, 67; *Estate of Halsell, supra,* 133 Cal.App.2d 665, 669; *Estate of Sullivan,* 86 Cal.App.2d 890, 895 [195 P.2d 894]; *Estate of Hotaling,* 72 Cal.App.2d 848, 852 [165 P.2d 681].) Extrinsic evidence is admissible as an aid to such interpretation. Where a latent ambiguity exists its admissibility is grounded upon the rule that ''a doubt arising from extrinsic evidence may be removed by extrinsic evidence.'' (*Estate of Dominici,* 151 Cal. 181, 186 [90 P. 448]; *Estate of Greenwald,* 19 Cal.App.2d 291, 296 [65 P.2d 70].) However, such evidence may be used only to explain and interpret the language used in the will, and not for the purpose of showing a different intention than is disclosed thereby, even though obscurely. (*Estate of Donnellan, supra,* 164 Cal. 14, 19; *Estate of Hotaling, supra,* 72 Cal.App.2d 848, 857.) Particularly appropriate to the case at bar is the statement of the rule as contained in *Estate of Hotaling, supra,* 72 Cal.App.2d 848, where the court said (p. 857): ''Extrinsic evidence is admissible in order to determine what the testator meant by what he said and to identify the property which is the subject of the devise.''

In addition to the evidence heretofore noted, other extrinsic evidence was admitted and considered by the trial court. From this evidence the court was entitled to conclude that the testatrix and her husband considered only the house and the property immediately adjoining it as their home; that, at one time, they raised oranges which were used to supply an orange juice stand conducted by them but, for several years, this activity has been discontinued and the husband no longer worked the grove, which, as noted, was abandoned. The attorney who prepared the will testified that he was consulted by the testatrix during the time she was in a hospital, shortly before her death; that she told him ''she wanted to make sure her husband Mr. Docherty had a place to live so long as he lived'' and therefore that her home should go to her husband for life, and also that she wanted him to have some income for life; and further that she wanted each

of her daughters to share equally, but to get more than her son William. This testimony was properly admitted. [8] The declarations of a testatrix made to the attorney who drafted her will are admissible in evidence to resolve a latent ambiguity in the language used therein. (*Estate of Resler, supra,* 43 Cal.2d 726, 735; *Estate of Dominici, supra,* 151 Cal. 181, 185; *Estate of Halsell, supra,* 133 Cal.App.2d 665, 667; *Estate of Sullivan, supra,* 86 Cal.App.2d 890, 896; *Estate of Greenwald, supra,* 19 Cal.App.2d 291, 296.) From the inventory, which was admitted in evidence, the trial court was entitled to infer that the value of the property which the daughter Florence would receive, if the whole 4½ acres were included in the "home" devise, would exceed by approximately $27,000 the value of the property which the daughter Nora would receive under the will, and that instead of sharing equally in the estate, Florence would receive property of more than twice the value of that which Nora would receive. This inference, although subject to the argument that the property values shown by the inventory did not reflect the difference in value between a life and a fee estate, nevertheless, is reasonably deducible from the evidence. The conclusion of the trial court that the testatrix, by using the language "my home" in her will, intended to devise the house in which she lived, together with the land it actually occupied and that adjacent thereto which ordinarily was used in connection with its occupancy as a home, conforms to her declared intention that she wanted her daughters to share equally in her estate, and is reasonably supported by the evidence.

Also of note is the difference in language used in the devise to Mr. Docherty and the daughter, Florence, and that to the daughter, Nora. To the former the testatrix devised "*my home,* situated at 8942 Crescent Ave." whereas, to the latter she devised "that certain *real property* commonly known as 308-33rd. Street," which consisted of a house and lot. (Emphasis added.) Significance may be given to the fact that the device to Mr. Docherty and Florence was not of that certain real property at 8942 Crescent Avenue, but was limited to "my home" at that address, even though the former type of description was used in devising the house and lot at 308-33rd Street.

 It "is well settled that where the construction given to an instrument by a trial court is reasonable and appears to be consistent with the intent of the party making it, courts of appellate jurisdiction will not substitute another interpre-

tation, even though it may seem equally tenable with that accorded by the trial court.'' (*Estate of Northcutt,* 16 Cal.2d 683, 690 [107 P.2d 607].)

The contention of the appellants that the language ''my home'' as used in the will under consideration and applied to the property occupied by the testatrix as a home, is clear and unambiguous; that the trial court erred in admitting extrinsic evidence which revealed a latent ambiguity in the use of this language; and also erred in admitting other extrinsic evidence pertinent to an interpretation of the ambiguous language so used; as well as the contention that the conclusion of that court in the premises was ''arbitrary and against the weight of the evidence,'' are without merit.

Also without merit is appellants' further contention that the evidence in this case sustains a gift by implication to the daughter Florence of all the Anaheim property. Reliance is placed upon the fact that nowhere in her will did the testatrix specifically dispose of that part of the $4\frac{1}{2}$ acres not occupied by her home. Therefore, it is argued, she must have intended the property to go to the devisees of her home, i.e., her husband and her daughter Florence. Although a devise or bequest may arise by implication, before a court is warranted in so declaring, the probability of an intent to make the same ''must appear to be so strong that an intention contrary to that imputed to the testator cannot be supposed to have existed in his mind.'' (*Estate of Franck,* 190 Cal. 28, 32 [210 P. 417].) To allow a gift by implication as contended for by appellants would subvert the declared intention of the testatrix that each of her daughters should share equally in her estate. The conclusion of the trial court foreclosing such a result is fully sustained by the evidence.

 Appellants also claim that the court failed to make findings upon the issues of fact raised by this proceeding, and, under the rule stated in *Martin* v. *Alcoholic Beverage Control Appeals Board,* 52 Cal.2d 287 [341 P.2d 296], contend that this failure constitutes reversible error. The decree which was entered herein combines both findings of fact and the legal determination sought by respondents' petition, i.e., the interests to be awarded each devisee under the will in question. ''Findings of fact may be included in a judgment or order.'' (*Estate of Janes,* 18 Cal.2d 512, 514 [116 P.2d 438] ; *Estate of Exterstein,* 2 Cal.2d 13, 15 [38 P.2d 151] ; *Estate of Joslin,* 165 Cal.App.2d 330, 348 [332 P.2d 151] ; *Estate of*

*Dern,* 114 Cal.App.2d 799, 801 [251 P.2d 28]; *Estate of Ros-land,* 76 Cal.App.2d 709, 711 [173 P.2d 830]; *Guardianship of Sharp,* 41 Cal.App.2d 79, 84 [106 P.2d 244].)

That part of the decree in the instant case which constitutes a finding upon the determinative issue of fact herein heretofore has been quoted, and adequately disposes of that issue. The objection thereto is without merit.

The decree is affirmed.

Griffin, P. J., and Shepard, J., concurred.