237 Cal.App.2d 102 (1965)
Estate of EMMA M. MEININGER, Deceased. W. M. SHARP et al., Claimants and Appellants,
v.
AMERICAN HEART ASSOCIATION et al., Claimants and Respondents.
Civ. No. 11061. 
California Court of Appeals. Third Dist. 
Sept. 17, 1965.
 Griswold & Barrett, Stephen P. Galvin, Hugh H. Griswold and Ira M. Shadwell for Claimants and Appellants.
 Carr & Kennedy, Lloyd E. Greybiel, Long & Levit and L. C. Smith for Claimants and Respondents.
 VAN DYKE, J. [fn. *]
 This is an appeal by all the heirs at law of Emma M. Meininger, deceased, from a portion of a decree in a proceeding to determine heirship. The trial court construed decedent's will and, having concluded that it contained an operative general residuary clause, decreed that appellants take nothing as heirs. The appeal presents no factual issues. No evidence was received. (See Parsons v. Bristol Development Co., 62 Cal.2d 861, 865-866 [44 Cal.Rptr. 767, 402 P.2d 839], for a recent statement of the rules of interpretation in such a case.)
 [1a] The will contains 15 numbered articles. The first article directs payment of debts and requests a simple funeral and cremation. The second states that Amos Meininger is her husband and that the testatrix has no living issue of that or any previous marriage. The third states that she owns considerable separate property and states because of that it is her "express intention" that the following general disposition of her "property be made" in the event she predeceases her husband. She then states this "general testamentary plan" to be that all property in the name of Amos, all property in the names of both, and all joint tenancy property shall go to Amos; that all property in her name alone be placed in trust for the benefit of Amos during his life "except as hereinafter provided," and that all property in her name and in that of any person other than Amos go to such person. Article fourth appoints Amos to act as executor and in the alternative, if Amos predeceases her, she appoints Milfred Gribble. By article fifth she gives to Amos all property not standing in her name alone and not standing in her name and in the name of some person other than Amos, and as to property standing in her name and in the name of another, such property to such person. She gives to a named trustee all property standing in her name alone, the income therefrom to be disbursed to Amos during his lifetime. (The corpus is not specifically disposed of in article fifth.) She then excepts from the trust and gives to Grover and Louise *104 Lorenz certain corporate stock shares and to Milfred and Meda Gribble her cut glass and hand-painted china. She also provides, "not specifically an exception, but a qualification to the above trust," that Amos shall have the use and enjoyment of the family home with income and control during his life; but that if business conditions warrant his life estate "may be terminated and said property sold upon the life tenant ... and the remaindermen. Milfred and Meda Gribble, or the survivor thereof, mutually agreeing to the terms and conditions of such sale." Article sixth is a formal and complete residuary clause, unconditional so far as its own terms be concerned, which gives the residue of her estate to respondents "National Cancer Fund, National Heart Fund and Shriner's Hospital for Crippled Children, San Francisco." Article seventh states: "In the event my said husband shall predecease me, or in the event my said husband and I shall perish in a common accident or collision, then ... I give ... the following ... property" to Joseph and Frank Lorenz (brothers of decedent), each 16 shares of Lorenz Company stock; to Grover Lorenz (brother) and his wife, 19 shares of said company stock; to Meda Gribble, 16 shares of same; to Milfred and Meda Gribble, a summer cabin at Lake Almanor, California; to Phyrne Lorenz, 75 shares of Standard Oil Company stock; and to Milfred and Meda Gribble, the family residence and decedent's cut glass and hand-painted china.
 It is the contention of appellants that all the dispositive provisions up to those in article seventh, including the residuary clause, are conditioned by and depend upon Amos surviving the testatrix; that since this did not occur (both died simultaneously in a common accident), all bequests save those in article seventh fail and the residue goes to appellants by right of heirship.
 Appellants correctly state that the sole issue here is the status of article sixth, the residuary clause. Since appellants claim as heirs, if that clause is operative, not conditioned upon the survival of Amos, then their appeal fails. We now address ourselves to that issue.
 As we have said, there is nothing in the residuary clause itself which makes it contingent upon the survival of Amos. It is clear and distinct devise to charitable institutions not otherwise mentioned as beneficiaries of decedent. That being so, Probate Code section 104 becomes applicable. That section declares that "A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other *105 words not equally clear and distinct, or by inference or argument from other parts of the Will ...."
 Appellants argue that the statutory requirements are fulfilled and say that if all bequests save those in article seventh are not conditional, then it would be hard to draw a conditional will. They point to the statement of a general plan if Amos survives and to the opening words of article seventh, "In the event that my said husband shall predecease me ..." They say that since the residuary clause is bracketed between references to the survival of Amos it must fall if he does not survive. [2] But a residuary clause, though normally appearing at the end of dispositive provisions, may appear at any other place. It is the purpose of such a clause to dispose of property not otherwise disposed of, just as its language declares. It evinces a desire to become wholly testate on death. It conflicts with any claim of partial intestacy. It may be said to be the last to fall; and here, by article fifteenth of her will, the testatrix declared that if any provision therein proved to be invalid or void, it should "in no way affect, impair, or invalidate any other provision ...."
 And in article fourteenth she said: "I have purposely made no provision for any other person, whether claiming to be an heir of mine or not, and if any person, whether a beneficiary under this Will, or not mentioned herein, shall contest this Will, or any of its provisions, then, in such event, I give to such person so contesting or objecting, the sum of one dollar ($1.00), and no more, in lieu of the provision or provisions which I have made or which I might have made herein for such person so contesting or objecting."
 [3] When a decedent leaves a will, the implication arises that intestacy was not intended. (Estate of Olson, 144 Cal.App.2d 694 [301 P.2d 501]; Estate of Taylor, 119 Cal.App.2d 574 [259 P.2d 1014].) A presumption is raised that the testator intended to dispose of all his property, and this presumption is much strengthened if a residuary clause is included. (Estate of Barnhart, 226 Cal.App.2d 289 [37 Cal.Rptr. 909] (current citation).) [4] Such clauses are to receive a liberal interpretation so as to avoid intestacy of any part of the testator's estate. (Estate of Beldon, 11 Cal.2d 108 [77 P.2d 1052]; Estate of Akeley, 35 Cal.2d 26 [215 P.2d 921, 17 A.L.R.2d 647]; Estate of Lefranc, 38 Cal.2d 289 [239 P.2d 617].) [5] And generally, whenever a testamentary provision can be construed to have either of two meanings, the meaning should be given to it which will prevent intestacy. *106 (Estate of Hart, 151 Cal.App.2d 271 [311 P.2d 605].)
 [1b] As opposed to the referenced contents of this will and to the rules of construction cited, appellants say that all testamentary provisions save the fragmentary ones in article seventh depended on the survival of Amos and became nugatory on his failure to survive; that the testatrix intended it so; that she intended to die intestate in the event he predeceased her, save only for those same fragmentary bequests; that she envisaged her heirs taking all else; that having gone to the trouble of making a will, having fully disposed of her estate if Amos survived her, she left it largely undisposed of in the equally probable event that he did not. We cannot accept this argument. We are convinced that the testatrix intended by her will to become wholly testate on her death and believed she had so provided.
 We are satisfied that the trial court properly held that the residuary clause was unconditional and fully operative. Accordingly, we affirm the decree appealed from.
 Pierce, P. J., and Friedman, J., concurred.
NOTES
[fn. *] *. Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.