[Civ. No. 32173.   Second Dist., Div. One.   July 12, 1968.]

Estate of ALTA C. GUNDELACH, Deceased. R. R. MORE-LAND, as Administrator With the Will Annexed, etc., Petitioner and Respondent, v. STATE OF CALIFORNIA, Claimant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Philip Samovar, Deputy Attorneys General, for Claimant and Appellant.

Jones & Weldon and Charles R. Weldon for Petitioner and Respondent.

LILLIE, J.—The holographic will[1] of Alta C. Gundelach was admitted to probate and R. R. Moreland appointed administrator with the will annexed. Sale of the real property, the main asset of the estate, was approved. Filed against the estate by the Department of Charities, County of Los Angeles, was its claim in the amount of $1,259.37 ''For [medical] care and aid advanced [to decedent and her husband] under Health and Safety Code section 1473 or sections 2222,

---

[1] ''This is what I want done with my home & place after I am gone. Want my funeral bill. Of course it will have to be sold. If my sisters & bro are living, gave them

| ''Princess | $200.00 |
| Peggy & Don | 200.00 |
| Iris & Dick | 200.00 |
| Lorena & Charley | 200.00 |
| Shirley & Ken | 200.00 |
| Leky & Ellen | 200.00 |
| Mrs. Berkshire | 100.00 |
| Mrs. Griffith | 250.00 |
| P. Church | 200.00 |
| Mrs. Warner | 100.00 |
| Alva | 200.00 |
| Ira | 200.00 |

''then gave back to State to cover our debt to them.

Sign 2-2-64

Mrs. Alta C. Gundelach''

2576, 2600, 2603, 3006 and 6004 of the Welfare and Institutions Code''; the same was approved by the administrator and paid in full. Thereafter the administrator petitioned for decree determining interests in the estate; statement of interest was filed by the Attorney General on behalf of the State of California claiming the state to be the residuary beneficiary under the final clause of the will—''then gave back to State to cover our debt to them.'' A hearing was had and the testimony of Mrs. Laybolt, sister of decedent, was taken. In its order determining interests in the estate the trial court determined that the residue of the estate descended to decedent's heirs at law ''there being no residuary legatee'' named in the will, and ''That the State of California is not entitled to receive any of the residue of said estate.'' From this order the State of California appeals.

Alta Cleo Gundelach, a resident of Los Angeles County, died on November 20, 1964; her husband predeceased her. During their lifetime they had been recipients of medical care and attention advanced to them under state law at Los Angeles County Hospital through the Los Angeles County Department of Charities; thus, the county caused a lien therefor in the amount of $1,259.37 to be filed against the property owned by Mrs. Gundelach. By her holographic will dated February 2, 1964, she provided for the sale of the property out of which were to be paid her funeral expenses, certain bequests to members of her family and ''our debt'' to the state. Upon her death a claim in the amount of $1,259.37 was filed by the County of Los Angeles in the estate, approved and paid.

The trial court determined that decedent specifically provided by her will for her sister Princess (Laybolt); four nieces (daughters of brother Ira who predeceased her), Peggy (Goodrich), Iris (Welter), Lorena (Eastman) and Shirley (Schneider); nephew (son of Ira), Leky (Leroy [Webb]); neighbor, Mrs. (Elizabeth) Berkshire; two friends, Mrs. (Lillie) Griffith and Mrs. (Maude) Warner; P. (Presbyterian) Church; sister Alva (Elva Boyd) and brother Ira, who predeceased her; that in addition to the sisters, nieces and nephew mentioned in her will, decedent left surviving her as heirs at law, the children of a predeceased brother Willie, Ira, Claud and Roxie, and of a predeceased brother Ira, Ora Ella, Betty, Ira, Jr., and Lloyd; that the residue of the estate descended to her heirs at law, there being no residuary legatee

named in the will; and that the state is not entitled to receive any of the residue of the estate.

The State of California contends that under "proper rules of construction" it should have been declared to be the residuary beneficiary under the last clause of the will. The Attorney General argues that the testatrix, a resident of California "in the way she knew best" intended, by naming the "State," not her heirs, in the last clause of her will, to create a residuary clause making the State of California the residuary beneficiary in "gratitude" for the opportunity of living in California and for all the state had done for her; and that constructions which lead to intestacy, total or partial, are not favored, if the State of California fails to qualify as residuary legatee the residue will go to decedent's relatives, and blood relatives are not preferred to strangers when the result is intestacy.

We recognize the strong presumption aganist intestacy, total or partial (§ 102, Prob. Code) ;[2] *Le Breton* v. *Cook,* 107 Cal. 410, 416 [40 P. 552]), and the presumption that a testator intends to dispose of all of his property in the absence of controlling language in the will to the contrary. (*Estate of Meininger,* 237 Cal.App.2d 102, 105-106 [46 Cal. Rptr. 609].) However, the cardinal rule of construction of a will is the ascertaining of what the testator meant by the language he used (Prob. Code, § 101; *Estate of Thompson,* 50 Cal.2d 613, 617 [328 P.2d 1]; *Estate of McKenzie,* 246 Cal. App.2d 740, 746 [54 Cal.Rptr. 888]), and "if such language does result in intestacy, the court must hold that intestacy was intended." (*Estate of Swallow,* 211 Cal.App.2d 359, 362 [27 Cal.Rptr. 235].) "The rule expressed in *Le Breton* v. *Cook,* 107 Cal. 410 [40 P. 552], that constructions of wills which lead to intestacy, total or partial, especially where the will evinces an intention on the part of the testator to dispose of his whole estate, are not favored, does not control over a construction which follows the manifest intention of the testator." (*Estate of Frinchaboy,* 108 Cal.App.2d 235, 239 [238 P.2d 592].)

We think under no interpretation could it be assumed that the testatrix intended that the residue of her

[2]Section 102, Probate Code: "The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative; and of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy."

estate go to the State of California. To the contrary, it is clear that decedent used the word "State" in the last clause of her will—"then gave back to State to cover our debt to them"—with the intention of designating the public entity, to which she believed she owed money, solely as a creditor, not as a residuary legatee; that her reference therein to "our debt" was to the legal obligation she knew to be outstanding by virtue of medical services advanced to her and her husband during their lifetime under state law, not to any expression of "gratitude"; that the request to "gave [give] back" to the state implies repayment for something of a material nature in the way of money or services advanced by the public entity, not a gift; and that her sole purpose in using the language she used in the last clause in her will was to provide payment of the sum of $1,259.37 which she knew she owed, not to create a residuary clause. It cannot be denied that upon her death decedent in fact owed $1,259.37 for medical care and treatment she and her husband received under state law from the County of Los Angeles; that the county caused a lien therefor to be placed on her property; and that she wanted the debt to be satisfied out of her estate after the sale of the property. The will itself reflects the intention of a woman, obviously unschooled in the English language, "in the way she knew best" to provide for her own family, certain of her blood relatives and friends, take care of her funeral expenses and make provision for the satisfaction of "our debt" which only can be reasonably interpreted as referring to the legal obligation incurred by her and her husband for medical services rendered, and no more.

Appellant argues that decedent did not intend the use of the word "debt" in its technical meaning of owing money but to imply her obligation of gratitude for all the state had done for her. Nothing in the record supports such construction to denote decedent's gift of the residue of her estate to the State of California to the exclusion of her blood relatives motivated by "gratitude" or anything else. The actual existence of the legal debt reflected in the lien on her property and the claim filed against her estate, and the lack of any evidence that the state did any more for decedent than any other citizen or that she ever had any "gratitude" therefor or wished to express the same, support the implied finding of the trial court that in writing the last clause of her will her sole intent was to provide for the payment of her legal obligation, not to make a gratuitous gift to the State of California.

The trial court's construction of the will supports its conclusion that the clause is not a residuary clause entitling the state to receive any of the residue of the estate, even though such construction leads to one of partial intestacy which results in her blood relatives receiving the residue of the estate as opposed to the State of California, a mere stranger; this construction is a reasonable one and follows the obvious intent of the testatrix. ██ A testator has the right to make a will which does not dispose of all of his property but which leaves the residue to his heirs under the law of succession. (*Estate of Klewer*, 124 Cal.App.2d 219, 223 [268 P.2d 544, 41 A.L.R.2d 941]; *Estate of Swallow*, 211 Cal.App.2d 359, 365 [27 Cal.Rptr. 235].) "To say that because a will does not dispose of all of the testator's property it is ambiguous and must be construed so as to prevent intestacy, either total or partial, is to use the rule of construction as the reason for construction." (*Estate of Beldon*, 11 Cal.2d 108, 112 [77 P.2d 1052].) ██ Where the construction given a will by a trial court is reasonable and appears to be consistent with the testator's intent, we will not substitute another construction though the other construction might seem equally tenable. (*Estate of Northcutt*, 16 Cal.2d 683, 690 [107 P.2d 607].)

The order is affirmed.

Wood, P. J., and Fourt, J., concurred.