[Civ. No. 36774. Second Dist., Div. Four. Mar. 1, 1971.]

Estate of BEULAH M. DILLINGHAM, Deceased.
RUTH SCHMUTZLER, Petitioner and Appellant, v.
FLORENCE DOWNEN et al., Claimants and Respondents.

## COUNSEL

Sapin & Woldman, Sandy Sapin and Alfred Fadel for Petitioner and Appellant.

John Maharg, County Counsel, David Breier, Deputy County Counsel, Hartman & Sampson, Newton Kalman, Young & Young and Walter H. Young for Claimants and Respondents.

## OPINION

**JEFFERSON, Acting P. J.**—Ruth Schmutzler appeals from a judgment of the trial court rendered on her petition to determine interests in the estate of Beulah M. Dillingham, ruling that the petitioner is entitled to receive under the will only the residence, furniture and clothing of the deceased.

Beulah M. Dillingham died on April 4, 1968, leaving an holographic will[1] which was duly admitted to probate. When the named executor

---

[1] The holographic will of the decedent is as follows:

"Oct. 11-1968 Los Angeles, Calif.

"I Beulah M. Dillingham.

of 527 W-88-Place 44—make my last Will and testament I bought a crypt in Inglewood Cemetery 1834 W-gage Ave. number being Devotion Rose 366 I paid 475.00 cash for it years ago I paid $189.00 cash for opening and closing of same I also paid for vlower vace and Neam Plate I also bought a casket for $620.00 neam in paper $6.00 Flower aragement $35.00 I paid $20.00 Tax on the casket $12.00 filing this all can be found in my safety deposet box Security First National Bank. Manchester and Boadway the nuber is 1236. I have not any outstanding Bill at Present time if any bills later I will have medicare July 1st clim number 557.32-9049 A any help I need to take care of me can be paid for out of my insurance or cash I can pay for administrator to take care of my Well at Bank of America at Broadway & Manchester.

declined to act, the public administrator was appointed and filed a petition for letters listing as heirs at law six adults, all of whom made claims and petitioned for a determination of heirship and distribution. Ruth Schmutzler, a good friend of the decedent, then filed a petition claiming that she was entitled to take the entire estate except for the amount of one specific bequest of $1,000 made to Mrs. Mable O'Dell.

The testatrix was an elderly woman who for a number of years immediately preceding her death had lived alone in a single family residence on 88th Place in Los Angeles which she owned. The testatrix' mother had predeceased her; she had no children, and her only living relatives were first cousins who resided outside of California. During the last few years of her life the testatrix was ill and unable to care for herself alone. She had never been in close touch with her surviving relatives and her neighbors undertook to visit her home, take her to see the doctor, and help her with shopping and cooking.

The holographic will of the testatrix bequeathed to Ruth Schmutzler a gift of "house and content of furniture and clothing" and to Mable O'Dell the sum of $1,000. The testatrix left other assets, including a safety deposit box and its contents, which were not specifically disposed of by the will. In her petition to determine interest Ruth Schmutzler alleged that the testatrix intended to will her entire estate to petitioner. As a consequence the trial was bifurcated, all parties waived jury trial and the claim of Ruth Schmutzler was first determined.

Ruth Schmutzler testified concerning her relationship with the testatrix and the court admitted the testimony of a second witness, Mrs. Pearl A. Keene, for the sole purpose of showing the circumstances surrounding the execution of the will. (Prob. Code, § 105.) Mrs. Keene, who lived across the street from the testatrix, had been her intimate acquaintance for over 30 years. She did not know Ruth Schmutzler, but the testatrix frequently spoke of Ruth and Mrs. Keene knew that Ruth often visited the house. The testatrix also received letters from a cousin and a woman who lived in Florida, and these letters Mrs. Keene often read aloud for her.

---

I wish Ruth Schmourtzler of 2828 Artesia Blvd Torrance California Phone 532-4786 to have this house and content of furniture & clothing also Mrs. Mable O Dell of Riggins Idaho Box 32 to have $1,000.00 dollars in cash she is nice to write me the news of our family she is the only one of our family that does none of the other do The Wiesler family in Detroit are out of my life as I never hear from them or any of my relations I will state here who I want to have my dimonds & pin in the safety Deposit box at Security First National Bank Manchester & Broadway. This is hard to do as I do not know any one or see any one But Ruth Schmourtzler calls me once a week.

Beulah M. Dillingham."

On or about October 11, 1967, the testatrix engaged Mrs. Keene in a conversation about writing an holographic will. Mrs. Keene then accompanied the testatrix into her house and the holographic will which was admitted to probate was written in her presence. As the testatrix wrote she made comments and asked questions, and the witness related these statements to the best of her recollection.

The trial court found, after hearing the evidence, that the provisions of the will were not reasonably susceptible of two or more meanings and that there was no uncertainty arising upon the face of the will, and concluded that there was neither a patent or a latent ambiguity made to appear by the extrinsic evidence.

■ The appellant contends that a patent ambiguity appears in the will with respect to the legacy of "house and content of furniture and clothing" to Ruth Schmutzler. The trial court, however, found that the testatrix used and understood the words in their common meaning and there is no evidence from which a contrary inference may reasonably be drawn. Although the testatrix left other assets, including cash in the bank, securities, and jewelry, the evidence does not disclose the location of the bank books and securities either at the time the will was being prepared or at the time of Mrs. Dillingham's death. Moreover, the testatrix made specific reference to her safe deposit box and indicated that she felt unable to make a complete testamentary disposition of the items therein situated as she was preparing her will. There is no evidence that she intended something more to pass to Ruth Schmutzler than the house, furniture and clothing.

■ The appellant further contends that the failure to dispose of the residue implies a latent ambiguity under the presumption against partial intestacy. "Broadly speaking, there are two classes of wills presenting latent ambiguities, for the removal of which ambiguities resort to extrinsic evidence is permissible. The one class is where there are two or more persons or things exactly measuring up to the description and conditions of the will, . . . The other class is where no person or thing exactly answers the declarations and descriptions of the will, but where two or more persons or things in part though imperfectly do so answer." (*Estate of Donnellan,* 164 Cal. 14, 20 [127 P. 166]; also *Estate of Russell,* 69 Cal.2d 200, 207 [70 Cal.Rptr. 561, 444 P.2d 353].)

■ A will is to be interpreted to execute the intention of the testatrix (*Estate of Nielsen,* 204 Cal.App.2d 357, 361 [22 Cal.Rptr. 260, 94 A.L.R.2d 1100]) but it is not open to construction merely because it fails to dispose of all of the property and the court may not on this ground supply dispositive clauses lacking in the will. "The rule is that a will is to

be construed according to the intention of the testator, and so as to avoid intestacy. (Prob. Code, §§ 101, 102.) However, a court may not write a will which the testator did not write. 'To say that because a will does not dispose of all of the testator's property it is ambiguous and must be construed so as to prevent intestacy, either total or partial, is to use a rule of construction as the reason for construction. But a will is never open to construction merely because it does not dispose of all of the . . . property." (*Estate of Barnes,* 63 Cal.2d 580, 583 [47 Cal.Rptr. 480, 407 P.2d 656]; *Estate of Beldon,* 11 Cal.2d 108, 112 [77 P.2d 1052]; *Estate of Deacon,* 172 Cal.App.2d 319, 323-324 [342 P.2d 261].) "A testator has the right to make a will which does not dispose of all of his property but which leaves the residue to his heirs at law under law of succession. [Citations.]" (*Estate of Gundelach,* 263 Cal.App.2d 825, 830 [70 Cal.Rptr. 140].) ▉ The determination of the trial court is supported by substantial evidence and the language giving Ruth Schmutzler the "house and content of furniture and clothing" is clear.

The judgment is affirmed.

Kingsley, J., and Dunn, J., concurred.