Filed 1/11/19 (unmodified opinion attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Estate of CHERYL D. STOCKIRD, Deceased. | A152538 |
| BRUCE RAMSDEN, Contestant and Respondent, v. JOHN L. AGUIRRE, SR., Individually and as Administrator, etc., Claimant and Appellant. | (Contra Costa County Super. Ct. No. MSP15-00183) ORDER MODIFYING OPINION NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on December 19, 2018, be modified as follows:

1. On page 3, second sentence of the first full paragraph, replace the word "heirs" with "issue," so the sentence reads:

> The court first determined that because Ambrose was not related by blood to Stockird, she was not "kindred" within the meaning of California's "antilapse" statute, section 21110, subdivision (c) (section 21110(c)),[3] and accordingly, the 35 percent gift did not pass to Ambrose's issue under section 21110.

Footnote 3 in the sentence remains unchanged.

2. On page 4, second sentence of the first full paragraph, replace the word "heirs" with "issue," so the sentence reads:

> First, Ambrose's issue are not entitled to her share under California's antilapse statute.

3. On page 7, in the second to last sentence on the page that begins "In other words," replace the word "heirs" with "issue," so the sentence reads:

> In other words, if the antilapse statute applied, the lapsed residuary gift would pass to the residuary devisee's issue, but if the antilapse statute did not apply, the gift would pass to the other residuary devisees.

4. On page 8, footnote 7, replace the word "heirs" with "issue," replace "§ 2-606, pp. 591–592" with "§ 2-605, pp. 587–588," so the footnote reads:

> [7] Uniform Probate Code section 2-605, like section 21110, was the antilapse statute, which provided for disposition to a devisee's issue if a gift lapsed. (8 pt. I West's U. Laws Ann., *supra*, U. Prob. Code, § 2-605, pp. 587–588.)

5. On pages 8–9, in the carryover sentence that begins "As that comment makes clear," replace the word "heirs" with "issue," so the sentence reads:

> As that comment makes clear, if a residuary gift lapses and the antilapse statute applies, the antilapse statute governs and the gift goes to the devisee's issue rather than the other residuary devisees.

There is no change in the judgment.

Dated:

_____
Margulies, Acting P.J.

Filed 12/19/18 (unmodified version)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| Estate of CHERYL D. STOCKIRD, Deceased. | |
| BRUCE RAMSDEN, Contestant and Respondent, v. JOHN L. AGUIRRE, SR., Individually and as Administrator, etc., Claimant and Appellant. | A152538 (Contra Costa County Super. Ct. No. MSP15-00183) |

Cheryl D. Stockird died, leaving a handwritten will that transferred "all my property and everything I may be entitled to inherit" to her life partner, John L. Aguirre, Sr., and an aunt related by marriage, Patricia Ambrose. The will did not include alternative provisions for disposition of the shares if either gift lapsed. Ambrose died before Stockird.

After Stockird died, her will was admitted to probate. Aguirre petitioned the probate court for an order declaring he is entitled to Stockird's entire estate as the sole surviving residuary beneficiary under Probate Code[1] section 21111, subdivision (b) (§ 21111(b)). Stockird's half brother, Bruce Ramsden, filed a petition arguing the lapsed gift to Ambrose must instead pass to Stockird's estate under section 21111, subdivision (a)(3) (§ 21111(a)(3)). Ramsden then asserted that as Stockird's only

---

[1] All statutory references are to the Probate Code unless otherwise specified.

surviving heir, he is entitled to distribution of Ambrose's share under the laws of intestacy.

The probate court agreed with Ramsden and entered an order transferring the residuary gift that would have passed to Ambrose to Stockird's estate.

The sole issue on appeal is whether the failed gift should be distributed to Aguirre under section 21111(b) or Stockird's estate under section 21111(a)(3). Following de novo review, we reverse the judgment of the probate court.

## I.  BACKGROUND

On February 3, 2014, Stockird executed a holographic will, which provided in its entirety as follows:

"Will

"I Cheryl Denise Stockird declare this as my last will.  I am single and I have no children.  I hereby leave all my property and everything I may be entitled to inherit to:

"65% John L. Aguirre Sr.

"35% Patricia Ambrose

"I sign this on February 3, 2014.

"[Signature: Cheryl D. Stockird.]"

Aguirre was Stockird's long-time life partner. Ambrose, who was not related by blood to Stockird, had been married to Stockird's predeceased maternal uncle.  Ambrose died in June 2014.

Stockird died in January 2015.  Stockird's will was admitted to probate, and Aguirre was appointed administrator with will annexed.

In February 2017, Aguirre filed his account and report of administration and petition for settlement.  Aguirre requested the court determine pursuant to section 21111(b) that he is entitled to the entire residue of the estate as the only residuary beneficiary.  Around the same time, Ambrose's children and grandchildren petitioned the court for reformation of the will to reflect Stockird's defined specific intent, arguing she wanted her half brother, Ramsden, to receive nothing from her estate and intended for the

failed residuary gift to pass to Ambrose's heirs.[2]  On March 30, 2017, Ramsden filed a petition to determine entitlement to distribution, claiming he, as the sole intestate heir of Stockird, is entitled to receive the failed 35 percent gift to Ambrose under section 21111(a)(3).

After briefing by the parties,  the probate court issued an order on September 14, 2017, concluding Ambrose's share passed to Stockird's estate.  The court first determined that because Ambrose was not related by blood to Stockird, she was not "kindred" within the meaning of California's "antilapse" statute, section 21110, subdivision (c) (section 21110(c)),[3] and accordingly, the 35 percent gift did not pass to Ambrose's heirs under section 21110.  The court next found the 35 percent bequest to Ambrose qualified as a "residuary gift" within the meaning of section 21111, subdivision (c) (section 21111(c)).  Finally, applying the definition of " 'transferee' " in section 21110(c) to section 21111, the court concluded because Ambrose was not kindred of Stockird, she was not a "transferee" within the meaning of section 21111(b) and the 35 percent residuary gift could not go to Aguirre under that section, but must pass under section 21111(a)(3) to Stockird's estate.  Aguirre timely appealed.

## II.  DISCUSSION

The sole issue on appeal is whether the probate court correctly applied the definition of "transferee" in section 21110(c) to section 21111(b).  Because the resolution of that issue is a question of statutory interpretation, we exercise independent review. (*Bruns v. E-Commerce Exchange, Inc.* (2011) 51 Cal.4th 717, 724 (*Bruns*).)

---

[2] Ambrose's heirs' claims are not at issue in this appeal.  The probate court ordered that they "are not entitled as a matter of law to receive the 35% residuary gift but may receive it in part or in its entirety if the Court, at a trial to be calendared, later reforms the holographic will to reflect such an alternative disposition of the residuary gift."

[3] "Section 21110 is known as an 'antilapse' statute because the attempted devises protected by it would otherwise lapse and the property would pass instead by intestacy . . . ." (*Estate of Mooney* (2008) 169 Cal.App.4th 654, 658.)

As a preliminary matter, we agree with both parties and the probate court on two issues relevant to our analysis. First, Ambrose's heirs are not entitled to her share under California's antilapse statute. Section 21110, subdivision (a) provides in relevant part: "Subject to subdivision (b),[4] if a transferee . . . fails or is treated as failing to survive the transferor . . . the issue of the deceased transferee take in the transferee's place in the manner provided in Section 240." Section 21110(c) in turn provides: "As used in this section, 'transferee' means a person who is kindred of the transferor or kindred of a surviving, deceased, or former spouse of the transferor." " 'Kindred' " refers to persons related by blood, and other persons listed in section 21115. (Cal. Law Revision Com. com., 54A pt. 2 West's Ann. Probate Code (2011 ed.) foll. § 21110, p. 76.) It is undisputed Ambrose was not kindred of Stockird. Thus, section 21110 does not apply to Ambrose, and her issue are not entitled to her share under the antilapse statute.

Second, the bequest of Stockird's estate to Aguirre and Ambrose was a residuary gift. Section 21111(c), provides: "A transfer of 'all my estate' or words of similar import is a residuary gift for purposes of this section." Stockird's will states: "I hereby leave all my property and everything I may be entitled to inherit . . . ." Her words reflect an intent to gift " 'all of [her] estate.' "

Turning to the merits of this appeal, we are called upon to interpret section 21111, the statute governing failed transfers. " 'Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts

---

[4] Section 21110, subdivision (b) provides: "The issue of a deceased transferee do not take in the transferee's place if the instrument expresses a contrary intention or a substitute disposition."

4

may consider other aids, such as the statute's purpose, legislative history, and public policy.' " (*Bruns, supra,* 51 Cal.4th at p. 724.)

Section 21111 provides, in relevant part:

"(a) Except as provided in subdivision (b) and subject to Section 21110,[5] if a transfer fails for any reason, the property is transferred as follows:

"(1) If the transferring instrument provides for an alternative disposition in the event the transfer fails, the property is transferred according to the terms of the instrument.

"(2) If the transferring instrument does not provide for an alternative disposition but does provide for the transfer of a residue, the property becomes a part of the residue transferred under the instrument.

"(3) If the transferring instrument does not provide for an alternative disposition and does not provide for the transfer of a residue, or if the transfer is itself a residuary gift, the property is transferred to the decedent's estate.

"(b) *Subject to Section 21110*, if a residuary gift or a future interest is transferred to two or more persons and the share of a *transferee* fails for any reason, and no alternative disposition is provided, the share passes to the other transferees in proportion to their other interest in the residuary gift or the future interest." (Italics added.)

This appeal focuses on the meaning of "Subject to Section 21110" and "transferee" in section 21111(b). The probate court concluded the phrase "Subject to section 21110" means the definition of "transferee" as kindred in section 21110(c) applies to section 21111(b). The court reasoned: "As readily discernable, both subdivision (a) and subdivision (b) of Probate Code section 21111 refer directly to Probate Code section 21110. The definition of transferee specified in one statute as a consequence applies as well to the other." (Fn. omitted.) Because Ambrose was not

---

[5] As noted above, section 21110, subdivisions (a) and (b) provide "if a transferee . . . fails or is treated as failing to survive the transferor . . . the issue of the deceased transferee take in the transferee's place in the manner provided in Section 240," unless "the instrument expresses a contrary intention or a substitute disposition."

5

kindred of Stockird, the court explained, and hence not a transferee as defined in section 21110(c), her gift was not covered by section 21111(b).

For several reasons, we conclude the probate court misconstrued the statute. Looking first (as we must) to the plain language, section 21110(c) defines " 'transferee' " as kindred "[a]s used in this section." Thus, the express words of the statute provide the definition of "transferee" as kindred applies only to section 21110. Had the Legislature intended to apply the same definition of "transferee" to section 21111(b), it could have said so. Further, we must consider the language in the context of the statutory framework as a whole. Generally, a "transferee" under the Probate Code is a "beneficiary, donee, or other recipient of an interest transferred by an instrument." (§ 81.5.) That definition applies unless otherwise specified or required. (§ 20 ["Unless the provision or context otherwise requires, the definitions in this part govern the construction of this code."].) We conclude under the plain language of the statute as construed in light of the entire statutory framework, the definition of "transferee" as kindred in section 21110(c) applies to section 21110, but the more general definition of "transferee" applies in section 21111(b).

Our interpretation is supported by the legislative history. The language "Subject to Section 21110" in section 21111(b) was added by the most recent statutory amendment in in 2002. (Stats. 2002, ch. 138, § 20, p. 723.) As the Law Revision Commission comments to the 2002 amendment state: "Section 21111 is amended to clarify the treatment of a failed residuary gift. [¶] . . . [¶] With respect to a residuary devise, subdivision (b) abolishes the 'no residue of a residue' rule, illustrated by *Estate of Murphy* [(1910)] 157 Cal. 63. It preserves the change made by former Section 6148 in the California case law rule that if the share of one of several residuary devisees fails, the share passed by intestacy. See, e.g., *Estate of Russell* [(1968)] 69 Cal.2d 200, 215–16; [citations]." (Cal. Law Revision Com. com., 54A pt. 2 West's Ann. Prob. Code, *supra*, foll. § 21111, p. 83; *Catch v. Phillips* (1999) 73 Cal.App.4th 648, 654 [" 'Explanatory comments by a law revision commission are persuasive evidence of the intent of the Legislature in subsequently enacting its recommendations into law.' "].)

6

As the Law Revision Commission comments allude, the " 'no residue of a residue' rule" was the common law rule previously applicable in California, which provided: "That portion of any residuary estate that is the subject of a lapsed gift to one of the residuary beneficiaries remains undisposed of by the will and passes to the heirs-at-law." (*Estate of Russell*, *supra*, 69 Cal.2d 200, 215.) In 1983, the Legislature enacted former section 6148 to address the treatment of failed residuary gifts. (Stats. 1983, ch. 842, § 55, pp. 3049, 3053 ["Except as provided in Section 6147[6] or in the will: [¶] (a) If a devise (other than a residuary devise or a devise of a future interest) fails for any reason, the property devised becomes a part of the residue. [¶] (b) If the residue . . . is devised to two or more persons and the share of a devisee fails for any reason, the share passes to the other devisees in proportion to their other interest in the residue . . . ."].) Former section 6148 was based on Uniform Probate Code section 2-606 and altered the existing rule that a failed residuary gift passed by intestacy. (Legis. Counsel's Dig., Assem. Bill No. 25 (1983–1984 Reg. Sess.) 2 Stats. 1983, Summary Dig., pp. 285–286; Sen. Com. on Judiciary, Analysis of Assem. Bill Nos. 25 & 68 (1983–1984 Reg. Sess.), p. 9 [noting "[w]ith respect to a residuary devise, subdivision (b) changes the former California case law rule that if the share of one of several residuary devisees fails, the share passed by intestacy"].) As is clear from the text of former section 6148, it applied "[e]xcept as provided" in the antilapse statute. In other words, if the antilapse statute applied, the lapsed residuary gift would pass to the residuary devisee's heirs, but if the antilapse statute did not apply, the gift would pass to the other residuary devisees. The Law Revision Commission comments to the 2002 amendment to section 21111 explain the statute "preserves the change" introduced by former section 6148. (Cal. Law Revision Com. com., 54A pt. 2 West's Ann. Prob. Code, *supra*, foll. § 21111, p. 83.)

The Law Revision Commission further clarified the intent of section 21111 in its recommendations for the proposed legislation: "Section 21111 provides rules for

---

[6] Former section 6147 was the antilapse statute, currently section 21110. (Stats. 1983, ch. 842, § 55, pp. 3049, 3053; *Estate of Begley* (1988) 201 Cal.App.3d 791, 795.)

7

treatment of a failed transfer.  A failed specific gift passes by intestacy, absent an alternate or residuary disposition.  A failed residuary gift passes to the remaining residuary beneficiaries proportionately." (Recommendation on Rules of Construction for Trusts and Other Instruments (Nov. 2001) 31 Cal. Law Revision Com. Rep. (2001) p. 180.)  The Commission also explained, "Under the existing statute, it is unclear whether a gift of 'my estate' is to be treated as a general gift or as a residuary gift.  The proposed law makes clear that such a gift is to be treated as a residuary gift.  Thus, if a gift of 'my estate' fails, it would go to other residuary beneficiaries or, if none, pass by intestacy." (*Id.* at pp. 180–181.)  In describing the disposition of lapsed residuary gifts to other residuary beneficiaries, the Commission made no reference to the rule only applying to kindred as defined in the antilapse statute.

The Law Revision Commission's comments also note that section 21111 "is drawn from Section 2-606 of the Uniform Probate Code (1987)." (Cal. Law Revision Com. com., 54A pt. 2 West's Ann. Prob. Code, *supra*, foll. § 21111, p. 83.)  That section provided as follows:  "(b) Except as provided in Section 2-605[7] if the residue is devised to two or more persons and the share of one of the residuary devisees fails for any reason, his share passes to the other residuary devisee, or to other residuary devisees in proportion to their interests in the residue." (8 pt. I West's U. Laws Ann. (2013) U. Prob. Code, § 2-606, pp. 591–592.)  The comment to former Uniform Probate Code section 2-606 states:  "If a devise fails by reason of lapse and the conditions of Section 2-605 are met, the latter section governs rather than this section." (8 pt. I West's U. Laws Ann., *supra*, U. Prob. Code, com. foll. § 2-606 at p. 592.)  As that comment makes clear, if a residuary gift lapses and the antilapse statute applies, the antilapse statute governs and the gift goes to the devisee's heirs rather than the other residuary devisees.  If, however, the antilapse statute does not apply, the lapsed residuary gift is distributed to the other residuary beneficiaries.  We conclude the same analysis applies to the interplay between

---

[7] Uniform Probate Code section 2-605, like section 21110, was the antilapse statute, which provided for disposition to a devisee's heirs if a gift lapsed.  (8 pt. I West's U. Laws Ann., *supra*, U. Prob. Code, § 2-606, pp. 591–592.)

8

sections 21110 and 21111, which were adopted from former Uniform Probate Code sections 2-605 and 2-606.  (See Cal. Law Revision Com. com., 54A pt. 2 West's Ann. Prob. Code, *supra*, foll. § 21111, p. 83 [§ 21111]; *Estate of Mooney, supra,* 169 Cal.App.4th at p. 663 [§ 21110].)

This analysis is further supported by the Restatement Third of Property.  (See, e.g.*, Giammarrusco v. Simon* (2009) 171 Cal.App.4th 1586, 1607 [noting California courts often find the Restatement persuasive].)  "For the purpose of determining what happens to the share of a residuary devisee who fails to survive the testator, a residuary clause that devises the residue to two or more persons is treated as if it is a class gift, even if the devise is not in the form of a class gift.  The contrary rule, sometimes called the *no-residue-of-a-residue rule*, is not followed in modern statutory law, including the Uniform Probate Code, nor in this Restatement.  Thus, if an antilapse statute does not apply, the share of a residuary devisee that fails for any reason passes to the other residuary devisee . . . . A residuary devise lapses and passes to intestacy only if an antilapse statute does not apply and no residuary devisee survives the testator."  (Rest.3d Property, Wills and Other Donative Transfers, § 5.5, com. o, pp. 389–390.)

Finally, the interpretation we adopt herein is consistent both with specific legislative intent and the general principle of probate law that intestacy is to be avoided when possible.  (See Cal. Law Revision Com. com., 54A pt. 2 West's Ann. Prob. Code, *supra*, foll. § 21111, p. 84 ["In the case of a failed gift of a portion of an estate or residue, this section may be applied in appropriate circumstances so as to prevent an intestacy or a distorted disposition."]; § 21120 ["Preference is to be given to an interpretation of an instrument that will prevent intestacy or failure of a transfer . . . ."]; *Estate of Beldon* (1938) 11 Cal.2d 108, 111–112 [it is presumed that the act of making a will demonstrates an intent to avoid an intestacy]; *Estate of Meininger* (1965) 237 Cal.App.2d 102, 105 [residuary clauses are to receive a liberal interpretation so as to avoid intestacy of any part of testator's estate].)

In sum, given the plain language of the statute and the clear intent of the Legislature to abolish the " 'no residue of a residue' " rule and avoid intestacy, we

conclude the 35 percent lapsed gift does not go to Stockird's estate under section 21111(a)(3), but, subject to determination of the reformation petition filed by Ambrose's descendants, must pass to Aguirre under section 21111(b).

## III. DISPOSITION

The probate court's September 14, 2017 order on the petition to entitlement to distribution is reversed, and the matter is remanded to the probate court for further proceedings in accordance with this opinion. Upon remand, the probate court is directed to vacate the September 14, 2017 order and enter a new order (1) denying Ramsden's petition in its entirety; and (2) subject to determination of the Ambrose heirs' reformation petition, directing that Aguirre is entitled to receive the failed 35 percent residuary gift under section 21111(b). Aguirre is awarded his costs on appeal.

_____
Margulies, Acting P. J.

We concur:


_____
Banke, J.



_____
Kelly, J.[*]

A152538
*Estate of Stockird*

---

[*] Judge of the Superior Court of the City and County of San Francisco, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11

Trial Court:   Contra Costa County Superior Court

Trial Judge:   Hon. John H. Sugiyama

Counsel:

Nelson & Weinkauf, Robert L. Nelson and Susan B. Cohen for Claimant and Appellant.

Gromis & Aguirre, L. Kim Aguirre for Contestant and Respondent.