Filed 11/15/22 Gibson v. Sacramento County Public Administrator CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| DANIEL E. GIBSON, as Successor Trustee, etc., <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SACRAMENTO COUNTY PUBLIC ADMINISTRATOR, <br><br> Defendant and Appellant. | C095197 <br><br> (Super. Ct. No. 34-2021-00294152-PR-TR-FRC) |

The trust document for the Elizabeth E. Gibson Family Trust (the trust) provided that upon Elizabeth's death,[1] the trustee could pay trust funds to Elizabeth's long-time partner Sheila Thornton during Sheila's lifetime for Sheila's support, and that upon Sheila's death, the balance of the trust, if any, would be distributed to Elizabeth's heirs. An amendment specified that upon Elizabeth's death, the trust's interest in a Sacramento house Elizabeth shared with Sheila would be distributed to Sheila. The trust and Sheila each owned a half interest in the house.

---

[1] We refer to individuals by their first names for clarity.

1

Sheila was the successor trustee upon Elizabeth's death, but she never transferred the trust's half interest in the house to herself. After Sheila died, Elizabeth's brother Daniel, who had become the successor trustee, petitioned the probate court to distribute the trust's interest in the sale of the house to Elizabeth's heirs. The Sacramento County Public Administrator (the Public Administrator), acting as administrator of Sheila's estate, objected, arguing the trust's half interest in the sale proceeds should go to Sheila's estate.

The probate court concluded the trust's interest in the house should be distributed to Elizabeth's heirs, and the Public Administrator appeals that determination. Finding no error, we will affirm the probate court's order.

BACKGROUND

The trust provided that Sheila would serve as successor trustee of the trust upon Elizabeth's death and that Daniel would be the successor trustee if Sheila was unable to serve.

Elizabeth died in 2013. Sheila recorded an affidavit of successor trustee, certifying that she was the successor trustee of the trust and that upon Elizabeth's death the trust's title to the house was now held by Sheila as successor trustee. Sheila also executed a quitclaim deed regarding a Calaveras County property held by the trust, transferring title (as provided by the trust) to Daniel as trustee of the David W. Gibson Irrevocable Trust. But Sheila did not transfer title of the trust's interest in the Sacramento house to herself.

Sheila died in 2019. Her half interest in the Sacramento house is part of her estate.

Acting as successor trustee of the trust, Daniel filed a petition pursuant to Probate Code section 17200.[2] The petition asked the probate court to instruct that proceeds from

_____

[2] Undesignated statutory references are to the Probate Code.

2

the sale of the trust's interest in the Sacramento house be distributed to Elizabeth's heirs (her brothers Daniel and John).

The petition alleged the following: Elizabeth and Sheila considered each other spouses but were not married. They purchased and lived in the Sacramento property together. Sheila indicated by her actions and discussions with Daniel over the years that she did not intend to transfer the trust's interest in the Sacramento house to herself and instead intended to give the trust's interest in the property to Elizabeth's brothers. For example, Sheila never made distributions from the trust to herself. And she distributed $193,000 from Elizabeth's IRA to Elizabeth's brothers even though she was not obligated to do so.

The Public Administrator countered that pursuant to the terms of the amendment to the trust, the trust's interest in the Sacramento house should go the Sheila's estate. According to the Public Administrator, there was no evidence Sheila intended to give the trust's interest in the house to Elizabeth's brothers; Sheila failed to transfer the interest to herself because of her cognitive decline.

The probate court granted Daniel's petition. According to the probate court, although the relevant trust document said its interest in the house was to be distributed to Sheila, and there was no direct evidence Sheila intentionally chose not to transfer the house to herself, Sheila nevertheless did not transfer the trust's interest in the house to herself and thus the trust retained the interest in the house at the time of Sheila's death. Under the circumstances, the probate court ruled that the trust's interest in the house should be distributed as a trust asset, i.e., to Elizabeth's brothers.

## DISCUSSION

The Public Administrator contends the probate court erred because it did not discuss Elizabeth's intent. According to the Public Administrator, Elizabeth clearly intended to give the trust's interest in the house to Sheila; she did not intend to give it to her brothers.

3

The interpretation of a trust is a question of law we review de novo, unless the interpretation turns on a conflict in, or the credibility of, extrinsic evidence, which the parties do not contend exists here. (*Estate of Dodge* (1971) 6 Cal.3d 311, 318; *Ammerman v. Callender* (2016) 245 Cal.App.4th 1058, 1072.) " 'The paramount rule in construing [a trust] instrument is to determine intent from the instrument itself and in accordance with applicable law. [Citations.]' [Citations.] ' " 'In construing a trust instrument, the intent of the trustor prevails and it must be ascertained from the whole of the trust instrument, not just separate parts of it.' " ' [Citation.]" (*Ammerman,* at p. 1073; see §§ 21101, 21102, subds. (a) & (b), 21121.)

Paragraph 3.4 of the amendment to the trust made a special distribution to Sheila. That paragraph clearly stated Elizabeth's intent to give the trust's interest in the Sacramento house to Sheila outright. However, the special distribution was not effective because Sheila never transferred the trust's title in the house to herself. It is undisputed that the trust's title in the house remained in the trust on the date of Sheila's death.

Section 21111, part of the rules for interpreting trusts and other instruments, addresses the treatment of a failed transfer. (*Estate of Stockird* (2018) 30 Cal.App.5th 558, 565.) Subdivision (a)(2) states that except in circumstances inapplicable here, if the transferring instrument provides for the transfer of a residue and another transfer fails for any reason, the property becomes part of the residue transferred under the instrument. (§21111, subd. (a)(2).) Here, the trust provides for the transfer of a residue. Paragraph 4.2 of the trust states that upon Sheila's death, the balance of the trust, if any, shall be distributed to Elizabeth's heirs, "their identities and respective shares to be determined according to the laws of California then in effect." Because the transfer to Sheila of the trust's interest in the Sacramento house did not occur, the trust interest in the house became part of the trust residue. (§ 21111; see *O'Connor v. Murphy* (1905) 147 Cal. 148, 153 [intent to include all ineffectual bequests in the residuary clause is presumed; an intent to exclude must be express or shown by clear implication; residuary clauses shall

4

receive broad and liberal interpretation]; *Estate of Anderson* (1958) 166 Cal.App.2d 39, 41-42.) The trust clearly stated that the trust residue would be distributed to Elizabeth's heirs, i.e., her brothers, upon Sheila's death. The trust did not mention Sheila's heirs.

The Public Administrator argues in its appellate reply brief that a failed transfer within the meaning of section 21111 is limited to situations where a transferee predeceases the transferor and where the transferee is legally disqualified from taking from the transferor. But the Public Administrator does not cite authority supporting such a limitation. (*Okasaki v. City of Elk Grove* (2012) 203 Cal.App.4th 1043, 1045, fn. 1.) Section 21111 provides that "if a transfer fails for any reason, the property is transferred as follows . . . ." The distribution in the challenged order is consistent with section 21111, subdivision (a)(2).

## DISPOSITION

The order of the probate court is affirmed. The parties shall bear their own costs on appeal. (Cal. Rules of Court, 8.278(a)(4), (a)(5).)

<br>

/S/
MAURO, J.

We concur:

/S/
HULL, Acting P. J.

/S/
HOCH, J.

5